McCALEB, Chief Justice.
Lawrence E. Johnson was charged with the crime of simple kidnapping in violation of R.S. 14:45. On September 22, 1969 he appeared for arraignment accompanied b.y his attorney. At that time counsel waived the reading of the bill of information and entered a plea of “Not Guilty.” On April 30, 1970, following several continuances, he again appeared with his counsel and, with permission of the court, withdrew his former plea of “Not Guilty”, substituting *905 therefor a plea of “Guilty as Charged.” On motion of the defense the court ordered a pre-sentence investigation hy the Department of Institutions, Probation and Parole Division, and deferred sentencing until a report was made by that body.
On June 15, 1970, when the case was called for sentencing, the accused, through counsel, requested the court to permit him to withdraw the plea of “Guilty as Charged” so that he could enter a plea of not guilty. The motion was denied. Thereafter, the defendant was sentenced to serve a term of five years at hard labor in the State Penitentiary.
One perfected bill of exceptions is before us on this appeal. It is directed primarily to the court’s ruling which denied the appellant’s motion to withdraw his former plea of guilty.
The motion, which was made orally in open court, was based on the assertion that the appellant thought that he was pleading guilty to aggravated battery and not simple kidnapping.
As heretofore shown, the bill of information was not read at the time of arraignment, due to the fact that such reading was waived by defense counsel. But the note in evidence taken when the guilty plea was entered shows that the court questioned appellant in detail as to the voluntariness of his plea, called to his attention the fact that he was waiving his right to trial by jury and informed him that the maximum penalty for the offense is $2,000 or imprisonment with or without hard labor for not more than five years, or both (the penalty prescribed by R.S. 14:45 for simple kidnapping).[1]
While the motion to withdraw the plea of guilty was under discussion appellant’s attorney stated very plainly that “I distinctly remember pleading guilty to simple kidnapping after reviewing this entire matter with him and having an intimate knowledge of the facts, * * * (Emphasis added.) Later counsel observed that:
“I distinctly remember explaining that in view of the facts that I was aware of, that it would serve no purpose to go to trial. And, I explained to him, assuming that the witness was available which I believe that the day he pleaded guilty, this young lady was in the courtroom, and that she would testify, as the officers observed, Your Honor, at the scene of the crime, that it would be a futile thing to go to trial, and instead, we should enter a plea of guilty, the best that I could do in negotiating with the Assistant District Attorney, Mr. Wimberly. And, I recommended it, Your Honor, and I remember distinctly when *907 the Court in detail pointed out, as it does, as it does as of late, in compliance with the Supreme Court decision, that this man understood his crime after asking various questions, Your Honor.”[2]
When appellant stated to the court that he thought he was pleading to a charge of aggravated battery,[3] the trial judge pointed out to him that the possible penalty for aggravated battery was greater than that for simple kidnapping, and that because of his record the district attorney could also have filed a multiple offender charge against him, which he did not do. Whereupon, appellant then asserted that he did not know the charge to which he was pleading guilty.
The trial judge in his per curiam observes that, prior to the sentencing proceeding, defense counsel was notified in chambers that the Probation Department had recommended against probation. He concluded that “The Court cannot let a defendant plead guilty and later withdraw his said plea after he is advised that he will not get a suspended sentence. This was his only reason for wanting to change his plea * * *.”
It has long been the rule that the granting of permission to withdraw a plea of guilty or not guilty rests within the sound discretion of the trial judge. C.Cr. Proc. Art. 559. State v. Foster, 164 La. 813, 114 So. 696; State v. Shropulas, 164 La. 940, 114 So. 844; State v. Ward, 246 La. 766, 167 So.2d 359; State v. Matlock, 249 La. 37, 184 So.2d 548; and State v. Glantz, 254 La. 306, 223 So.2d 813.
Under the circumstances set forth above, we find no abuse of the trial court’s denial of permission to withdraw the guilty plea. Undoubtedly, the questioning by the trial judge, prior to his acceptance of the plea, established its voluntariness and informed the accused of the consequences of pleading guilty to the charge. As shown, his counsel stated unequivocally that he *909 knew that the charge was simple kidnapping, and that the plea of guilty was entered only after a full discussion of the matter with the accused. In view of this and considering the time which elapsed between the entering of the plea and the attempt to withdraw it, we conclude, as did the trial judge, that appellant’s action was prompted solely by his disappointment on the date fixed for sentence, when he was informed that his request for probation had been denied. Appellant’s statement, first, that he thought he had pleaded guilty to aggravated battery and, subsequently— that he was unaware of the charge to which he pleaded — is unimpressive. Indeed, his explanation taxes our credulity.
As was aptly stated in State v. Mat-lock, supra, “We cannot allow a defendant to test the sentence by a guilty plea and then withdraw the plea merely because of dissatisfaction with the sentence.[4]
In brief to this Court present defense counsel also argue, in connection with the bill of exceptions, that the trial court erred in denying the then defense counsel’s motion to withdraw, because this amounted to denial of the right to effective representation by counsel at the time of sentencing.
They assert that “We consider the confusion and hostility between the defendant and his counsel as bearing upon the circumstances which should have prompted the court to grant a continuance, allow the defendant to obtain other counsel and then exercise his discretion, one way or another.”
 There is no merit in the contention. The transcript of the proceedings does not demonstrate any “hostility” between appellant and his former counsel. In view of appellant’s desire to change his plea, it was incumbent on his counsel to report truthfully to the court his recollection of what occurred when the plea was entered, in order that the court might rule intelligently on the request, albeit it was at variance with the appellant’s statements.
Moreover, we do not perceive how the securing of another attorney would have *911 changed the then counsel’s version of the circumstances. The record reveals that the former counsel assiduously urged to the court that the motion to withdraw the plea be granted. Further, he took all the procedural steps necessary to perfect an appeal so that the trial court’s ruling might be reviewed by us.
Under the conditions, a continuance was not in order and we find no error or prejudice in the court’s pronouncing sentence without further delay.
For the reasons assigned the conviction and sentence are affirmed.

. The penalty for aggravated battery is a maximum of ten years, with or without hard labor. R.S. 14:34.

. The recitation of facts and circumstances constituting the offense of which appellant was convicted, which is signed by the assistant district attorney (who represented the State in the proceedings) and the trial judge, as required by C.Cr.P. Article 892, reveals that the victim of the offense “ * * * had just left work and was about to board a bus when the defendant approached her, held a knife to her throat, and demanded that she ‘keep walking like nothing was wrong.’ As the defendant and victim were walking in the 600 block of Burgundy a passing police vehicle, manned by Patrolmen W. ICarl and J. Kutk, N.O.P.D., noticed the defendant holding a knife to the victim’s throat. The officers alighted from their vehicle with their guns drawn, approached the defendant, disarmed him, advised him of his rights, and placed him under arrest.” These facts are unimportant to a decision of this matter and are cited only for the purpose of clarity in identifying the “young lady” and the “officers” referred to by defense counsel.

. The appellant stated that the prison Chaplin had told him that his charge had been broken down to “aggravated assault.”

. The State’s brief contains a lengthy discussion of whether or not appellant made his guilty plea intelligently, “ * * * both in fact and in light of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).” And it is strongly urged that we overrule our recent decision in Jackson v. Henderson, 260 La. 90, 255 So.2d 85, insofar as our interpretation of Boykin is concerned. We do not find a discussion of this argument necessary for a determination of the instant case for the reason that the issues presented in Boykin and Jackson are not involved herein. Indeed, the cases are not even cited in the brief filed on behalf of appellant. Neither in the district court, nor here, does the appellant contend that the guilty plea was entered involuntarily, nor unintelligently, because he did not have a full understanding of what the plea connoted and its consequences. He urged simply that he was under a misapprehension as to the crime to which he was pleading guilty. This contention presents solely a question of fact, and we have resolved the issue in favor of the State.