SUMMERS, Justice
(dissenting).
Although I agree that the guilty plea in this case should stand, I disagree with the rationale the Court adopts in upholding the plea.
In my view, stated at length in a concurring opinion to State v. Johnson, 260 La. 902, 257 So.2d 654 (1972), the highly technical formalisms of a guilty plea required by our decision in State ex rel. Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1971) should be abolished by overruling Jackson v. Henderson. This the Court fails to do, except that by a prospective decree it denies the application of the Jackson Case to guilty pleas entered prior to December 8, 1971, the date the Jackson Case became final. I adhere to the views expressed in State v. Johnson.[1] Moreover, I reiterate the view I expressed in State v. Ray, 259 La. 105, 249 So.2d 540 (1971), where, for the first time in this Court’s history, the power was exercised to overrule a decision in an earlier case wholly prospectively and to completely deny retroactive effect to an overruling decision. This technique, for it must be called that, transcends the judicial function of the court to interpret existing laws and decide actual cases and controversies. It precipitates the judiciary into a law-making forum, infringing upon the legislative prerogative, and violating the sanctity of the tripartite character of our government. In fine, the technique is unconstitutional.
I also find it difficult to understand, if our decision in State ex rel. Jackson v. Henderson is dictated by the decision in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), how we can decide that we shall begin to observe the mandate of Boykin only after December 8, 1971 when we are well aware of the fact that Boykin became effective in 1969. The Supremacy Clause will not permit this court to decide when a constitutional mandate will be observed.
I respectfully dissent.

. Most recently, in Morgan v. State, 287 A.2d 592 (Feb. 11, 1972), the Supreme Judicial Court of Maine declared:
“We agree that Boykin holds that a State Court reviewing a record appropriately before it under the system of review provided by the State would commit reversible constitutional error were it to sustain the guilty plea even though the record under review fails to reveal, over and above the formal entry of the guilty plea itself, an adequate affirmative showing of additional underlying factual information to support the conclusion that the plea was voluntarily and understanding^ made.”