263 So.2d 719

**STATE of Louisiana**

v.

**Marley BARBER.**

No. 51644.

May 18, 1972.

F. Pierre Livaudais, Covington, for defendant-appellant.

Jack P. F. Gremillion, Atty. Gen., Harry H. Howard, Asst. Atty. Gen., Woodrow W. Erwin, Dist. Atty., Julian J. Rodrigue, Asst. Dist. Atty., for plaintiff-appellee.

PER CURIAM

The defendant, Marley Barber, pleaded guilty to attempted murder, La.R.S., 14:-27 and 14:30, subsequent thereto he attempted to withdraw his plea. However, the trial court denied his request. The accused reserved and perfected one bill of exceptions, alleging the trial judge erred by refusing to permit him to withdraw his plea. He was sentenced to ten years in the penitentiary and now appeals.

Whether the defendant should have been permitted to withdraw his plea of guilty and enter a plea of not guilty rested within the trial court's sound discretion. La.C.Cr.P. art. 559; State v. Johnson, 260 La. 902, 257 So.2d 654 (1972).

The refusal to allow the accused to withdraw his guilty plea was not an abuse of such discretion, where the trial judge had interrogated the accused as to his understanding of the proceedings and the defendant had the assistance of counsel in making his decision. Further, as indicated by the record, the defendant had originally pleaded not guilty and not guilty by reason of insanity, and after being found with the

mental capacity to proceed by a sanity commission, waived the hearing by entering a plea of guilty.

█ A plea of guilty waives all defects prior to that plea except those jurisdictional defects which appear on the face of the proceedings. State v. Johnson, 260 La. 902, 257 So.2d 654 (1972). We find none here.

For the reasons assigned, the conviction and sentence are affirmed.