265 So.2d 239

**STATE of Louisiana**

v.

**Joseph BATISTE, Jr.**

No. 52507.

May 30, 1972.

Dissenting Opinion July 18, 1972.

SUMMERS, J., is of the opinion the writ should be granted.

SUMMERS, Justice (dissenting from the refusal to grant writs).

On September 4, 1970 defendant Joseph Batiste, Jr., in company with Wayne J. Morris, Larry Patterson and Lionel J. Ward, committed armed robbery of the gun store of Emile J. Toups in the town of Lockport, Lafourche Parish, contrary to Article 64 of the Criminal Code. A substantial number of weapons and a large quantity of ammunition were taken. The actors were charged with armed robbery in separate bills of information filed on September 8, 1970.

Batiste was called for arraignment on February 24, 1971, at which time he was represented by counsel. Prior to entering his plea, Batiste signed a pre-arraignment statement. In this statement, signed in open court, in the presence of counsel for the accused, the presiding judge, the assistant district attorney and deputy clerk of court, the charge was fully explained. The consequence of the guilty plea, including the possible punishment, was made known to and understood by Batiste. He admitted his guilt and entered a guilty plea knowingly and voluntarily. Whereupon the judge ordered a presentence investigation. After receiving a report of the presentence investigation, the district judge sentenced Batiste to serve twelve years at hard labor, allowing credit for time served in the Lafourche Parish jail.

Thereafter Batiste applied for a writ of habeas corpus contending his imprisonment was illegal, for his guilty plea was not intelligently made in accordance with law. An evidentiary hearing was held on this application on January 12, 1972. Based upon the November 23, 1971 decision in State ex rel. Jackson v. Henderson, 260 La. 90, 255 So.2d 85, the trial judge ruled that the plea was not properly made and taken, because the record at the time of the guilty plea did not affirmatively show that the accused was advised of his right to trial by jury, of his right to confrontation, and of his right against self-incrimi-

nation. Accordingly, the guilty plea was set aside and Batiste was ordered to appear for arraignment on January 24, 1972. Batiste was released on bail. At his new arraignment Batiste entered a plea of not guilty and was again released on bail.

On March 8, 1972 we rendered our decision in State ex rel. LeBlanc v. Henderson, 261 La. 315, 259 So.2d 557, holding that the three-rights articulation rule of the Jackson case was to be given prospective application only. Only guilty pleas entered after December 8, 1971, the day the LeBlanc decision became final, were to be governed by the rule of the Jackson case.

In view of this holding, the State filed an application in this Court on May 26, 1972 asking for a review of the trial judge's ruling of January 12, 1972 setting aside the guilty plea entered by Batiste on February 24, 1971. We denied the writ. We have refused to reconsider this ruling despite urgings of the State to the contrary.

In my view, by the Jackson and LeBlanc decisions the Court has placed itself in an untenable position with respect to guilty pleas entered after Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), and prior to December 8, 1971, the date of the LeBlanc decision. Only a reversal and repudiation of the Jackson and LeBlanc cases will solve the dilemma. Our decision in Jackson requiring a contemporary record of an articulation of the rights referred to in Boykin v. Alabama

was an unnecessary and improper repudiation of the long-standing rule of our courts. The LeBlanc decision only compounds the error. Boykin v. Alabama did not direct or require this extension. See State v. Johnson, 260 La. 902, 257 So.2d 654 (1972).

I respectfully dissent.