CALOGERO, Justice.
John Willis was charged in a bill of information with armed robbery. On May 29, 1970, he waived formal arraignment and pleaded “Not Guilty”. On May 17, 1972, defendant (appellant) withdrew his plea of “Not Guilty” and substituted a plea of “Guilty” to the charge of armed robbery. On September 8, 1972, after a pre-sentence investigation was conducted, defendant was sentenced to serve ten (10) years in the state penitentiary without benefit of probation, parole or suspension of sentence.
On January 9, 1973, defendant filed a motion to withdraw his guilty plea. After a contradictory hearing, the motion was denied on January 23, 1973 and defendant reserved a bill of exceptions to the denial thereof. He appeals his conviction and sentence.
Defendant’s sole contention on this appeal is stated in his brief as follows:
“Appellant contends that his guilty plea was the result of improper assurances from his attorney that he would ‘most likely’ get the minimum sentence, and that appellant’s resistance had been worn down by the two year delay between the filing of the charges and trial.”
Defense counsel cites United States v. Frontero, 452 F.2d 406 (5th Cir., 1971) for the proposition that implications by defense counsel that defendant would get a minimum sentence for pleading guilty operated to produce a misunderstanding in appellant’s mind which this Court should hold invalidates his plea of guilty.
That case does not support the defendant’s assertions. Frontero involved a meeting between defense counsel, the United States attorney, and the trial judge to discuss the defendant’s case. The defendant alleged that his counsel understood the trial judge to indicate that if the defendant had no prior criminal record, he would receive a suspended sentence and be placed on probation, in return for a plea of guilty. Defendant further alleged that his counsel passed this information along to him, and he then withdrew his plea of not guilty and entered a plea of guilty. The presen-tence investigation confirmed that the defendant had no prior criminal record, but the defendant was sentenced to three years’ imprisonment. On appeal to the Fifth Circuit Court of Appeal, the court refused to set aside defendant’s plea on the ground, “all that this record contains to support [defendant’s] claims of a ‘deal’ are conclusory statements by the defendant.”
In the case at bar, the record reveals that the defendant was never told by defense counsel that a “deal” had been made concerning the sentence to be imposed. As *194 in the Frontero case, the defendant’s con-clusory assertions are the only evidence in this record regarding the “possibility” of his receiving a five year sentence. At the hearing on the motion to withdraw the guilty plea the defendant alleged that he pleaded guilty for two reasons.
Primarily, the defendant alleged that his counsel had advised him by letter that if he pleaded guilty he would “most likely” receive the minimum sentence of five years for the charge of armed robbery. This advice, he alleges, persuaded him to enter the guilty plea.
The letters from defense counsel were introduced into evidence at the hearing. We note that in only two of these letters is there any reference to the defendant’s sentence. They were written on June 2, 1972 and July 18, 1972 some length of time after the defendant pleaded guilty on May 17, and, therefore, could not have had any effect on defendant’s decision to plead guilty.
The only other relevant correspondence between defense counsel and the defendant prior to the plea of guilty occurred in a letter of March 21, 1972. We gather from this letter that the defense counsel and the District Attorney’s office had been engaged in negotiations concerning the possibility that the armed robbery charge against defendant would be reduced to simple robbery (the maximum sentence for which is five years). The defendant was advised by his counsel in this letter that the negotiations had not been successful and that the District Attorney’s office would not reduce the charge to simple robbery. It is evident that the defendant, upon learning that his attempt to secure a reduction of the charge to simple robbery had failed, was put on notice that the state was intent upon having a sentence in excess of five years imposed (the maximum for simple robbery). Thus, his allegation that he pleaded guilty under the impression that he would receive a five year sentence is not supported by the record and circumstances.
Prior to accepting the guilty plea of the defendant, the trial court determined that he understood the rights he was waiving by changing his plea to guilty, and that the possible sentence for the crime of armed robbery is five to ninety-nine years without benefit of parole, probation or suspension of sentence. The defendant indicated to the court that he understood both the offense to which he was pleading guilty and the possible sentence which could be imposed. Defendant was asked if he had been promised anything in exchange for making this plea, to which the defendant replied, “No, sir.” Defendant has an eleventh grade education and we are convinced that he understood the proceedings.
Moreover, the defendant admitted at the hearing on the motion to withdraw the guilty plea that he was aware that no definitive “deal” had been established prior to entering the plea. He also stated that he thought it was just as possible that he could have received a 20 year sentence rather than the ten year sentence imposed.
Defendant also made the allegation that he pleaded guilty because he had been in jail two years without going to trial. We note, however, that one of the primary causes for this delay is the fact that defendant’s retained counsel obtained four continuances during this period as well as filing a motion to quash and a motion for preliminary examination both requiring a hearing. We cannot impute this delay to the state or the court.
This Court is of the opinion that the guilty plea of the defendant was entered freely, voluntarily, and knowingly and that the trial judge did not abuse the discretion vested in him by Code of Criminal Procedure Article 559 in refusing to allow the defendant to withdraw his guilty plea after sentencing. See State v. Barber, 262 La. 443, 263 So.2d 719 (1972); State v. Johnson, 260 La. 902, 257 So.2d 654 (1972).
For the reasons assigned, the judgment appealed from is affirmed.