282 So.2d 448 (1973)
STATE of Louisiana, Appellee,
v.
Clarence BALLARD, Appellant.
No. 53368.
Supreme Court of Louisiana.
August 20, 1973.
Rehearing Denied September 24, 1973.
Paul Henry Kidd, Stephen J. Katz, Monroe, for appellant.
William J. Guste, Jr., Atty. Gen., LeRoy A. Hartley, Sp. Asst. Atty. Gen., Ossie B. Brown, Dist. Atty., Nathan E. Wilson, Asst. Dist. Atty., for appellee.
TATE, Justice.
The trial court refused to allow the defendant Ballard to withdraw his plea of guilty. This refusal presents the sole ground of this appeal.
The defendant was originally indicted for murder. La.R.S. 14:30. He pleaded not guilty. On the day the case was set for trial, he pleaded guilty to manslaughter, La.R.S. 14:31, with the assistance of his then-retained counsel.
Before accepting Ballard's plea of guilty, the trial court thoroughly examined him as to the constitutional rights he was waiving by his plea. The trial court also examined the accused as to the facts upon which his plea of manslaughter was based.
These facts, as a contemporaneously recorded colloquy indicates, were that the decedent had stolen Ballard's wallet and was running away when the defendant Ballard shot and killed him. The defendant explained to the judge: "* * * I didn't mean to kill him. I was trying to stop him from getting my money."
The trial court had previously informed the defendant that manslaughter is "when you kill a human being, and it would be murder, except that you are provoked to a point where you were in a sudden passion or heat of blood, anger." Before accepting the plea, the trial court twice asked the defendant if he understood what manslaughter was and also if he understood that he could be sentenced up to twenty-one years' imprisonment. The defendant in each instance responded affirmatively.
Within a few days after the defendant pleaded guilty, he retained other counsel and filed a motion to withdraw his plea on the ground that he was not guilty of the crime and that he had entered the plea "through ignorance and intimidation".
At the hearing on the motion to withdraw his plea, the defendant Ballard and his wife testified. (His formerly retained counsel was in the court and was sequestered; but he was not called to testify either by the state or by the defendant.)
The defendant and his wife testified that, on the morning of the trial date, the then-retained counsel told Ballard he would have to plead guilty, that his parole for a conviction of a prior offense would be revoked and that he would return to the penitentiary anyway. According to these *449 witnesses, the counsel indicated that Ballard's witnesses had not been questioned or subpoenaed and that a defense had not been prepared for the trial scheduled for that morning.
In refusing to permit the defendant Ballard to withdraw his plea, the trial court relied upon the colloquy at the time of the plea as indicating Ballard's full understanding of its consequences as showing that he had intelligently pleaded guilty to manslaughter in order to avoid going to trial for murder.
The defendant was sentenced to serve the maximum of twenty-one years for the charge. Further, this sentence was ordered to run consecutive to a 1963 life sentence for murder, from which the accused had been on parole for several years prior to the present 1972 killing. The parole was to be revoked because of the present plea. The defendant was 52 years of age at the time of the plea.
Under La.C.Cr.P. Art. 559: "The court may permit a plea of guilty to be withdrawn at any time before sentence." The granting of permission to withdraw a plea of guilty prior to sentencing rests in the sound discretion of the trial judge. State v. Johnson, 260 La. 902, 257 So.2d 654 (1972).
The defendant argues, with considerable justification, that under the circumstances the trial court abused its discretion in refusing to permit him to withdraw his plea. In so arguing the defendant relies upon the following circumstances:
(1) The defendant had a non-frivolous defense to the charge of manslaughter, i. e., that he had been robbed by a man with a knife and had killed the robber in an attempt to prevent the robbery; (2) The consecutive sentence which the defendant had received, at his age, was not, practically, less severe than if he had been found guilty of murder after trial and sentenced to the maximum of life imprisonment; and (3) The defendant was in fact deprived of a fair opportunity to present his defense, due to the failure of his then-retained counsel after receiving a substantial fee to do more than coerce him into pleading guilty because of this counsel's complete failure to prepare for trial on the date set.
These indeed present substantial reasons why the trial court should have allowed the defendant to withdraw his plea of guilty soon after it was entered. At that time, withdrawal would have presented no great delay or prejudice to the state or to the defendant in immediately trying the case.
Section 2.1(a) of the Standards Relating to Pleas of Guilty provides: "The court should allow the defendant to withdraw his plea of guilty or nolo contendere whenever the defendant, upon a timely motion for withdrawal, proves that withdrawal is necessary to correct a manifest injustice." American Bar Association Project on Standards for Criminal Justice. See also: Note, 64 Yale L.J. 590 (1955); Note, 55 Col.L.Rev. 366 (1955).
On the other hand, the extensive colloquy between the defendant and the trial judge at the time of the plea indicates a conscientious effort by the trial court to ascertain that the plea was truly voluntary and was made with full appreciation of the underlying facts supporting guilt of manslaughter. Although the defendant asserted at the time of his plea his potential defense, he seemed to accept the trial court's explanation that the killing of a robber fleeing the scene could be considered manslaughter as an unjustified killing in the heat of anger. Additionally, the trial court may have concluded that the withdrawal of the plea was part of a continued effort by the defendant to delay his ultimate sentencing and imprisonment.
We are not entirely satisfied that the defendant was not deprived of his day in court through the failure of his then-retained counsel to prepare his defense. With some reservation also, we note that such counsel was not called upon by the state to refute the uncontradicted contentions of the defendant and his wife that such counsel *450 had overborne the defendant's objections to pleading guilty by in effect dictating a plea of guilty in view of counsel's lack of preparation for the trial on that morning.
Nevertheless, viewing the record as a whole and according great weight to the trial court's determination of the original voluntariness of the plea after a full colloquy prior to the plea, we are unable to say that the trial court abused its discretion in refusing to permit the defendant to withdraw his plea of guilty. State v. Barber, 262 La. 443, 263 So.2d 719 (1972). For instance, the trial court's extensive interrogation at the time of the plea gave the defendant several opportunities for him to state that his plea was induced more by his counsel's inaction and overpersuasion than by his own true willingness.
We thus find no reversible error in the trial court's denial of the motion to withdraw the plea. We therefore affirm the conviction and sentence appealed from.
Affirmed.
BARHAM, J., dissents.