321 So.2d 506 (1975)
STATE of Louisiana
v.
Benjamin DeMANUEL.
No. 56225.
Supreme Court of Louisiana.
November 3, 1975.
*507 Frank L. DeSalvo, Orleans Indigent Defender Program, Gretna, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise Korns, Asst. Dist. Atty., for plaintiff-appellee.
SUMMERS, Justice.
A bill of information dated November 14, 1972 charged that defendant Benjamin DeManuel committed armed robbery on October 23, 1972. He pled not guilty to this charge on November 22, 1972. Thereafter on January 12, 1973 he withdrew the former plea of not guilty and, with retained counsel, entered a guilty plea. After waiving delays, he was sentenced that same day to serve seven years at hard labor with credit for time served.
Later the District Attorney informed the defendant that he was to be charged as a multiple offender under Section 529.1 of Title 15 of the Revised Statutes. Accordingly, on February 20, 1973 defendant filed a motion to withdraw his guilty plea of January 12, 1973. The motion sets forth that at the time of the plea, and prior thereto, his attorney had engaged in plea bargaining with the District Attorney's office regarding the armed robbery charge. At the time of the guilty plea he specifically asked his attorney if by pleading guilty he would thereafter be charged as a multiple offender and was advised that he would not be "double billed" after a guilty plea. Subsequently, however, the motion continues, he was charged under the provisions of Section 529.1 as a multiple offender and because of this faced imprisonment for a minimum term of 33 years. He would not have entered a guilty plea, he alleged, had he been advised that he would be so charged following the plea of guilty or that the District Attorney's office would not commit itself with respect to double billing.
The District Attorney answered this motion replying that a bill of information had been filed charging defendant as an habitual offender pursuant to Section 529.1. By the motion he asserts that Article 559 of the Code of Criminal Procedure provides that "The court may permit a plea of guilty to be withdrawn at any time before sentence." This article, he argues, limits the authority of the court to permit the withdrawal of guilty pleas only to cases where the motion to withdraw was filed prior to sentence.
On the basis of these pleadings, a hearing was held on February 23, 1973 during which defendant's attorney testified that he did in fact advise the defendant before he entered the guilty plea that he would not be charged as a multiple offender thereafter. He gave this advice on the basis of his knowledge and experience, gained during ten years of practice, that it was not the policy of the State to double bill defendants who entered guilty pleas. In addition, at the time of his advice to defendant it was his intention to confirm this understanding with the District Attorney, but the handling of the case distracted him from this objective. He also testified that he had engaged in plea bargaining with the District Attorney at the same time with respect to another charge which was nolle prossed in consideration of the guilty plea, and this may have been a factor he mistakenly considered in advising his client. Based upon this and other evidence the trial judge granted the motion to withdraw the guilty plea on March 22, 1973, and the seven year sentence imposed on January 12, 1973 was set aside.
After once again engaging in plea bargaining with the District Attorney's office *508 on May 16, 1973 the defendant entered a guilty plea for the second time, with the understanding that he would be sentenced to imprisonment for fourteen years, and there would be no charge filed against him as a multiple offender. This plea with appointed counsel was carefully supervised by the trial judge who fully informed the defendant of his rights. As a result of the plea he received a sentence to fourteen years imprisonment with credit for time served.
In less than a month defendant filed a motion to withdraw this latter plea, alleging that before pleading guilty on this occasion he was informed that unless he pleaded guilty he would be charged as a multiple offender if convicted by a jury. Thus, he alleged, his plea was not made knowingly and voluntarily, for the threat of a minimum sentence of 33 years forced him to agree to a term of imprisonment which would offer some hope of eventual freedom.
Another hearing was held on July 20, 1973 as a result of which the circumstances surrounding the second guilty plea were reviewed in detail, and the motion to withdraw the plea of May 16, 1973 was denied.
Defendant then appealed to this Court, contending that the trial judge improperly denied his motion to withdraw the second guilty plea and sentence to fourteen years on the ground that it was coerced and, therefore, in violation of due process guarantees of the federal constitution. The State contended that the trial judge found the guilty plea to be free and voluntary and defendant was carefully and thoroughly advised of all rights at the time of the plea. The fear of double billing, the State asserts, was only one of many circumstances inducing him to plead guilty.
It then became apparent from the record that the trial judge had improperly permitted, after sentence, the withdrawal of the first guilty plea of January 12, 1973. La. Code Crim.Proc. art. 559; State ex rel. Hebert v. Henderson, 290 So.2d 832 (La. 1974); State v. Ballard, 282 So.2d 448 (La.1973). Thus defendant argued that the judgment of the trial court setting aside the first guilty plea in contravention of Article 559 of the Code of Criminal Procedure was null and void and without effect. As a consequence, under this contention, the seven year sentence resulting from the first plea remained viable until set aside by a post conviction proceeding (habeas corpus). This being true, the second guilty plea and sentence to 14 years, based upon the same charge, placed defendant in double jeopardy in violation of constitutional and statutory prohibitions which guarantee that no person shall be twice put in jeopardy of life or liberty for the same offense, except under certain circumstances not present here. La.Const. (1921) art. I, ¶ 9; La.Code Crim.Proc. art. 591.
In this posture of the case, defendant contends that both the first seven and second fourteen year sentences should be set aside; the first because the trial judge found found that it was not free and voluntary, and the second because it was imposed contrary to the constitutional and statutory protections against double jeopardy.
Ordinarily a trial judge may permit a plea of guilty to be withdrawn at any time before sentence. La.Code of Crim. Proc. art. 559. In this circumstance he has a broad discretion which will not be overturned on review unless arbitrarily exercised. State v. Johnson, 260 La. 902, 257 So.2d 654 (1972). The point to emphasize here is that Article 559 of the Code of Criminal Procedure clearly permits the exercise of this judicial discretion only before sentence. And the great weight of authority, according to the statutes and cases, support the rule that authorizes the change of plea only before sentence. See Comments, La.Code Crim.Proc. art. 559. Cases in this Court have sustained the rule. State ex rel. Hebert v. Henderson and State v. Ballard, supra; State v. Willis, 279 So.2d 192 (La.1973).
*509 Review of illegal sentences must be upon the application of defendant or of the State by appeal or writs of certiorari and prohibition with the understanding that the writ of habeas corpus is always available for that purpose, La.Code Crim.Proc. art. 882. This procedure is prescribed because generally the jurisdiction of the trial court is divested after sentence, except for certain ministerial purposes or to correct clerical errors.
Upon this authority, therefore, it is necessary to conclude that the ruling of the trial judge permitting the withdrawal of the first guilty plea after sentence was improper. For the same reason the decree setting aside the sentence was also without effect. The conviction and sentence resulting from the first plea of guilty are therefore in full force and effect. This being so, the second guilty plea and sentence based upon the identical charge cannot stand, for defendant cannot be twice put in jeopardy for the same offense. La. Const. Art. I, ¶ 9 (1921); La.Code Crim. Proc. art. 591.
Defendant's contention that this Court should set aside the first guilty plea because the trial judge found that it was not free and voluntary is not tenable because that determination by the trial judge was made by virtue of a hearing held after sentence which the law did not authorize. It is correct to rule, however, that the appeal on the second guilty plea and sentence is well-taken, and, accordingly, that plea and sentence will be set aside as an error patent on the face of this record which reveals two sentences imposed on the same charge. La. Code Crim.Proc. art. 920.
In the interest of orderly procedure the question of the free and voluntary character of the first guilty plea on January 12, 1973 will be relegated to a proper proceeding for review, either by an out-of-time appeal granted by the trial judge or by habeas corpus petition which defendant may file. La.Code Crim.Proc. arts. 351-70; 882.
For the reasons assigned, the conviction and sentence resulting from the guilty plea of May 16, 1973 is annulled and set aside.
CALOGERO, J., concurs. The result is correct. This case is distinguishable from St. v. Reed, La., 315 So.2d 703, decided June 23, 1975.
DIXON, J., dissents with reasons.
DIXON, Justice (dissenting).
I respectfully dissent.
The motion to withdraw a guilty plea should be considered a motion for a post-conviction remedy. The trial judge has jurisdiction to entertain post-conviction motions and set aside a conviction because a plea was not free and voluntary. The fact that the motion was not entitled "habeas corpus" should not affect the power of the district court to dispose of the contentions and grant the relief prayed for.