372 So.2d 1221 (1979)
STATE of Louisiana
v.
Terrill L. DEAKLE.
No. 63896.
Supreme Court of Louisiana.
June 25, 1979.
*1222 A. J. Boudreaux, Metairie, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John M. Mamoulides, Dist. Atty., William W. Hall, Abbott J. Reeves, Asst. Dist. Attys., for plaintiff-appellee.
CALOGERO, Justice.
Seven weeks after pleading guilty to armed robbery and just prior to imposition of sentence defendant Terrill Deakle moved to withdraw his guilty plea. The trial judge denied his motion, then sentenced defendant to thirty-five years at hard labor without benefit of parole, probation or suspension of sentence. Defendant's appeal from the conviction and sentence raises only one issue, whether the trial judge's refusal to allow defendant to withdraw his guilty plea constitutes reversible error.
Article 559 of the Code of Criminal Procedure provides that "[t]he court may permit a plea of guilty to be withdrawn at any time before sentence." We have interpreted that article as granting broad discretion to the trial judge. State v. Robinson, 311 So.2d 893 (La.1975); State v. Johnson, 260 La. 902, 257 So.2d 654 (1972).
In the instant case defendant was fully apprised before he pled guilty of the minimum and maximum sentences possible, namely five years and ninety-nine years respectively, and that the court had made no promise other than to conduct a pre-sentence investigation. Defendant's attorney did not tell defendant he would get less than thirty-five years, but rather simply that based on counsel's experience defendant would probably be facing a sentence between ten and twenty-five years. Presumably the motion to withdraw the guilty plea was prompted by defendant's learning just before sentencing that the trial judge intended to give a thirty-five year sentence.
No reason for the trial judge's permitting withdrawal other than the foregoing is suggested in the record. Under the circumstances the trial judge did not abuse the broad discretion afforded him by Article 559. Defendant may not withdraw a guilty plea simply because the sentence to be imposed is heavier than anticipated. State v. Robinson, supra. It is not unreasonable for the trial judge to refuse to allow defendant the luxury of gambling on what sentence he will be given, then withdrawing his plea if and when he can discover, before imposition, that the sentence is not to his liking. See, State v. Johnson, supra.

Decree
For the foregoing reasons defendant's conviction and sentence are affirmed.
AFFIRMED.