383 So.2d 1009 (1980)
STATE of Louisiana
v.
Amos BANKS.
No. 65531.
Supreme Court of Louisiana.
April 7, 1980.
Rehearing Denied May 30, 1980.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Brian G. Meissner, Asst. Dist. Atty., for plaintiff-appellee.
George M. Strickler, Jr., Supervising Atty., New Orleans, Kenneth C. McBroom, Student Counsel Appellate Advocacy Program, Tulane University School of Law, Robert Barnard, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
DIXON, Chief Justice.[*]
On March 31, 1978 the defendant was charged with armed robbery in violation of R.S. 14:64. On April 5, 1978, before Judge Andrew G. Bucaro, defendant entered a plea of guilty as charged and was sentenced to five years at hard labor. Two days later, before Judge Matthew S. Braniff, defendant *1010 was allowed to withdraw his plea of guilty. Judge Braniff ordered the sentence imposed by Judge Bucaro to be vacated, recalled and set aside. On April 14, 1978 the defendant entered a plea of not guilty and subsequently the case proceeded to trial. After a jury trial, Judge Braniff presiding, he was found guilty as charged on December 1, 1978 and sentenced to sixty years at hard labor. Defendant appeals his conviction and sentence, relying on nine assignments of error. Because we find an error patent on inspection of the pleadings we deem it unnecessary to discuss these assignments.
The minutes of the court found in the record indicate that Judge Braniff allowed the defendant to withdraw his plea of guilty after Judge Bucaro had accepted the plea and sentenced the defendant to five years at hard labor. The minutes show that Judge Bucaro explained to the defendant his constitutional rights and fully questioned him relative to his plea of guilty. The court found that there was a basis in fact for the plea of guilty and, further, that the plea was voluntarily and intelligently entered. Therefore, the defendant's plea of guilty was properly accepted by Judge Bucaro.
A trial judge may permit a plea of guilty to be withdrawn at any time before sentence. State v. DeManuel, 321 So.2d 506 (La.1975); C.Cr.P. 559. But the exercise of this judicial discretion is only allowed before sentence is imposed. In DeManuel this court held that the trial court lacked the authority to permit the defendant to withdraw his guilty plea after sentence had been imposed. In that case the defendant pleaded guilty and was sentenced; after he was informed that he would be charged as a multiple offender, the trial judge allowed defendant to withdraw his plea of guilty, and the plea and sentence were set aside. Subsequently, the defendant pleaded guilty a second time and was sentenced. He later filed a motion to withdraw his guilty plea and the motion was denied. On appeal, this court held that because C.Cr.P. 559 permits the withdrawal of a guilty plea only before sentencing, the ruling of the trial judge permitting the withdrawal of the first plea was invalid. The court ordered that the plea and sentence be set aside because of the error patent on the face of the record, which revealed two sentences imposed on the same charge.
Therefore, it is necessary to conclude that the ruling of Judge Braniff permitting defendant to withdraw his guilty plea after sentence was imposed by Judge Bucaro was improper. For the same reason the decree setting aside the sentence was also without effect. The conviction and sentence resulting from the plea of guilty are therefore in full force and effect.
The case of State ex rel. Clark v. Marullo, 352 So.2d 223 (La.1977), is not to the contrary. Clark pleaded guilty to armed robbery and was sentenced to five years. Clark later learned that the state planned to enhance his sentence as a multiple offender. On motion of the defendant, which we treated as a habeas corpus post-conviction remedy, the trial court found that the multiple billing violated a plea bargain the state had made with Clark, and set aside the guilty plea and sentence. Clark was later tried by jury, convicted and sentenced to thirty-three years. He then attacked that sentence.
We approved the procedure followed by the trial court, holding that the district court had the jurisdiction, power (and duty) to set aside a plea and sentence in post-conviction remedy cases when the sentence and plea were constitutionally infirm. To the extent, only, that State v. DeManuel was inconsistent, it was overruled. State v. DeManuel, supra, is still authority for the proposition that, except when a constitutionally infirm sentence is involved,[1] the defendant cannot withdraw his plea of guilty after sentence is imposed.
*1011 For the reasons assigned, the conviction is affirmed; the sixty year sentence imposed after trial is vacated and the guilty plea and sentence of five years at hard labor are reinstated.

ON APPLICATION FOR REHEARING
PER CURIAM.
Filed by the State with an application for rehearing is a per curiam by Judge Braniff, the trial judge. He points out that it was Judge Bucaro, not Braniff, who permitted defendant to withdraw his plea of guilty two days after he was sentenced to five yearsa matter not disclosed by the record in this court. The brief transcript attached to the per curiam only states:
"BY THE COURT:
In this matter, the court will set aside the guilty plea, and permit the defendant to be rearraigned at a later date, and vacate the sentence that was imposed, based upon the fact that the defendant himself is making this request. He has stated that he entered the plea of guilty, and did not know what he was doing.
BY MR. JOHN BLANCHARD:
Fine, Your Honor."
There is no motion to set aside the plea and sentence. Except for the statement by the judge that the defendant "did not know what he was doing," in spite of the finding two days earlier that the plea of guilty was voluntarily and intelligently entered, there is no suggestion of any infirmity in the guilty plea which would justify setting aside the plea and sentence of April 5.
The rehearing is denied.
NOTES
[*] Chief Judge Paul B. Landry, Retired, participated in this decision as an Associate Justice Ad Hoc.
[1] The record is silent as to the reason defendant Banks was permitted to withdraw his guilty plea. In spite of our requests to the district court, it has not been supplied.