FRED W. JONES, Jr., Judge.
The defendant Franklin was originally charged with attempted second degree murder. Later, an amended bill of information was filed charging the defendant with aggravated battery (La.R.S.14:34), to which the defendant entered a plea of guilty. On June 25, 1985 the defendant was sentenced to prison for three years, with the trial judge failing to consider the sentence enhancement provisions of our law — La.C.Cr.P. Article 893.1 and La.R.S. 14:95.2. Defendant appealed this sentence.
On June 26, 1985 the defendant was brought back into court and given the choice of either being sentenced to a prison term of seven years without benefit of parole, in accordance with the cited sentence enhancement provisions, or withdrawing his guilty plea to aggravated battery and being tried for attempted second degree murder. The defendant decided to accept the latter option.
After a jury trial, Franklin was found guilty of attempted second degree murder (R.S. 14:27,30.1). He was sentenced to prison for 20 years, seven of which were to be served without benefit of parole. He took this appeal reserving three assignments of error. Finding merit in one of the assignments, we pretermit consideration of the other two.
We note that the state agrees with defendant’s assertion that the trial court erred in causing defendant to withdraw his guilty plea to the amended bill charging aggravated battery after sentence had been handed down. The trial court may permit a plea of guilty to be withdrawn at any time before sentence. La.C.Cr.P. Article 559. However, that exercise of judicial discretion is permitted only before sentence is imposed. State v. Banks, 383 So.2d 1009 (La.1980). Consequently, in this case the trial judge was without authority to allow the defendant to withdraw his guilty plea to aggravated battery after the defendant had been sentenced for that offense.

Decree

For the reasons set forth, the defendant Franklin’s conviction and sentence for attempted second degree murder are reversed and set aside. This case is remanded to the trial court with instructions that the defendant’s original guilty plea to aggravated battery and sentence for that offense are to be reinstated, with the defendant to be given credit for time served after the date his sentence for aggravated battery was originally imposed.