hCARAWAY, Judge.
Defendant, Charles “Joey” Hawkins, pled guilty to .aggravated criminal damage to property. The trial court imposed a sentence of six years at hard labor and restitution for damages caused by defendant in another case which was dismissed pursuant to the plea agreement. Defendant timely moved for reconsideration of sentence which was granted to eliminate the restitution requirement but otherwise denied. Hawkins appeals citing error in his arraignment, the denial of his motion to withdraw his original not guilty plea, the factual basis for his guilty plea and his sentence.[1] We affirm the conviction and sentence.

Facts

According to the pre-sentence investigation report ordered by the trial court, Hawkins believed that Christopher Schrock had stolen some items from him. Defendant overtook and stopped Schrock while driving in his car and a fist fight ensued between defendant and Schrock. When the fight ended, defendant returned to his ear, obtained a gun and shot Schrock’s automobile, striking the vehicle behind the driver’s door. Schrock and his girlfriend were sitting in the car at the time Hawkins fired the shot.

Faulty Arraignment?

Defendant contends that his arraignment was improper because he did- not formally waive the reading of the indictment and was not called upon to enter a plea. See La.C.Cr.P. art. 551(A). A guilty plea waives all defects prior to that plea except jurisdictional defects which appear on the *640 face. of the proceedings, |2tate v. Barber, 262 La. 443, 263 So.2d 719 (1972). Thus, Hawkins waived this assignment of error by pleading guilty.

Change of Plea

Hawkins argues that the trial court erred in not allowing him to withdraw his plea of “not guilty” and enter a plea of “not guilty and not guilty by reason of insanity” on the day prior to his scheduled trial. Again,- defendant’s- guilty plea occurred after this failed motion to withdraw the plea. As mentioned above, defendant’s guilty plea waived all defects prior to that plea except jurisdictional defects appearing on the face of the pleadings. State v. Barber, supra. Furthermore, even if Hawkins had not waived this assignment of error by pleading guilty, we find no merit in his contention.
A defendant in Louisiana is allowed 10 days after arraignment to change his plea from “not guilty” to “not guilty and not guilty by reason of insanity.” Thereafter, the court may, for good cause shown, allow such a change of plea at any time prior to the commencement of trial. La.C.Cr.P. art. 561; See State v. Mercer, 564 So.2d 783 (La.App. 2d Cir.1990). Defendant was arraigned on September 1, 1995. He waited until June 1996 to file a motion to withdraw and change his plea. The court continued Hawkins’ trial and held a hearing on the motion. At the hearing, the only evidence produced of impaired mental capacity was a letter from Dr. David Thomason who conducted a psychological examination of defendant following a back injury. Although Dr. Thomason stated that Hawkins had the diagnostic criteria for a personality disorder with paranoid and borderline features and a generalized anxiety disorder, he also found defendant’s “thinking [to be] intact, logical and coherent ... with no delusions, hallucinations, or other signs of psychosis” and that defendant had “logical and insightful responses to moral delimmas [sic.].”
IsAccordingly, even if this assignment of error was properly raised, the evidence submitted in support of defendant’s motion suggests no evidentiary basis for the change of plea and we find that the trial court did not abuse its discretion in denying defendant’s motion for lack of good cause. This assignment of error is without merit.

Factual Basis for Plea

Defendant alleges that the guilty plea colloquy does not sufficiently state a factual basis for the plea which he contends was necessary under the ruling North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). We disagree.
From our review of the guilty plea colloquy, we find only that an inarticulate reference to the “Alford theory” was initially made by defense counsel prior to the trial court’s questioning of the defendant. Nevertheless, the trial court thereafter had the following exchange with defendant:
Court: Now you’re entering a guilty plea or—yes, a guilty plea to the aggravated criminal damage to property, that’s in Article 55 of the Criminal Code, I’m going to read that to you. Aggravated criminal damage to property is the intentional damaging of any structure, water craft or movable wherein it is foreseeable that human life might be endangered by-any means other than fire or explosion. Whoever commits the crime of aggravated criminal damage to property shall be fined not more than $10,000, imprisoned with or without hard labor for not less than one (1) nor more than fifteen (15) years or both. Do you believe that you understand what constitutes the crime of aggravated criminal damage to property?
Mr.'Hawkins: Yes, sir.
^ ^
Court: And the State says on Count No. 1 that you committed this crime to a 1985 Pontiac Firebird belonging to Carroll Schrock and being driven by Christopher Schroek, and that this occurred on or about May 6th, 1995, here in West Carroll Parish and that’s what you’re tendering the guilty plea to, is that correct?
Mr. Hawkins: Yes, sir.
pBased upon these statements in the guilty plea colloquy, the defendant sufficiently pled guilty without protesting his innocence in any manner so as to invoke the *641 protections required by Alford. Thus, despite the unclear initial reference to Alford by counsel, the defendant voluntarily entered the guilty plea without reservation and with an understanding of the nature of the charge. See, State v. Orman, 97-2089 (La.1/9/98), 704 So.2d 245.

Sentence

Hawkins contends that his sentence is excessive. Specifically, defendant complains that the record reflected two prior felonies when he argued that only one of the prior offenses was a felony and the trial court refused to postpone sentencing so that the record could be corrected. We do not agree with these contentions.
Although the trial court did deny defendant’s attorney a postponement of the. sentencing hearing to clarify Hawkins’ record, the trial court explicitly stated that it was not convinced that the contested offense was a felony and so it had disregarded that conviction and considered probation as if. defendant was a second felony offender. Therefore, there was no need for a continuance.
The inquiry is, therefore, whether the sentence imposed is too severe considering the circumstances of the case and the background of the defendant. A sentence violates La. Const, art. I, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Wilkerson, 29,979 (La. App.2d Cir. 10/29/97), 702 So.2d 64. A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Smith, 433 So.2d 688 (La.1983); State v. Wilkerson, supra.
| sin selecting a proper sentence, a trial judge is not limited to considering only a defendant’s prior convictions but may properly review all prior criminal activity. State v. Walker, 573 So.2d 631 (La.App. 2d Cir.1991). Also, a substantial advantage obtained by means of a plea bargain is a legitimate consideration in sentencing. State v. Smack, 425 So.2d 737 (La.1983), State v. Strange, 28,466 (La.App.2d Cir. 6/26/96), 677 So.2d 587. A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of discretion, this court does not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Strange, supra.
Hawkins obtained a substantial advantage by pleading guilty to this charge in that the second count in the bill of information, namely, the criminally negligent discharge of a firearm, as well as pending charges in two other matters were dismissed. Although the trial court noted several mitigating factors, the trial court also cited Hawkins’ extensive criminal history reflected in the pre-sentence investigation report, covering á total of 33 charges in 5 states. Even though defendant acknowledged at least one prior felony, the state did not seek to bill Hawkins as a habitual offender.
Given the extremely dangerous conduct at issue in the instant offense and defendant’s lengthy criminal history, we. cannot say that six years imprisonment at hard labor without any fine, which is toward the middle to the lower end of the penalty range, shocks the sense of justice. Therefore, Hawkins’ sentence is not constitutionally excessive.
We have examined the record for error patent, La.C.Cr.P. art. 920(2), and found none.
The conviction and sentence are affirmed.
AFFIRMED.

. Defendant failed to brief two separate assignments of error regarding the trial court’s denial of his motion to quash and motion to suppress; thus, they are deemed abandoned in accordance with URCA Rule 2-12.4. State v. Schwartz, 354 So.2d 1332 (La. 1978); State v. Kotwitz, 549 So.2d 351 (La.App. 2d Cir. 1989), writ denied, 558 So.2d 1123 (La. 1990).