WILLIAMS, J.
|1The defendant, Kevin Bernard Morris, was charged by bill of information with possession with intent to distribute a Schedule II controlled dangerous substance, cocaine, a violation of LSA-R.S. 40:967. He pleaded guilty and was sentenced to serve seven and one-half years imprisonment at hard labor, the first two years to be served without benefit of probation, parole or suspension of sentence. For the reasons that follow, we affirm the defendant’s conviction and sentence.
FACTS
On October 6, 2006, the defendant and three co-defendants, Kendrick Marquez Brown, Jerry Jerome Moore and Frederick Levell Dunbar, were each charged with one count of possession with intent to distribute cocaine. All four co-defendants entered pleas of not guilty.
On February 5, 2007, Brown withdrew his plea and entered a plea of guilty to the offense charged. He was sentenced on March 6, 2007, to two years imprisonment at hard labor without the benefit of probation, parole or suspension of sentence. On March 27, 2007, Moore, Dunbar and the defendant also withdrew their not guilty pleas and entered pleas of guilty to the offense charged.
As part of the defendant’s plea agreement, the state agreed to nolle prosequi *248 the charges in three other cases pending against him. During the plea colloquy, the following exchange took place between the court, prosecutor, defense counsel and the defendant:
THE COURT: You understand the penalties, minimum and maximum, for a plea of guilty to Possession of ... Cocaine, with Intent to Distribute is two to |2thirty years plus fines and court cost? Do you understand that?
MR. MORRIS: Yes, sir.
THE COURT: Now two years is without benefit of probation, parole, or suspension of sentence. It’s mandatory minimum of two years. You understand that?
MR. MORRIS: Yes, sir.
* * *
THE COURT: You understand that the sentence is up to the Court? You understand the sentence is up to the Court?
MR. MORRIS: Yes, sir.
THE COURT: Have any promises or threats been made against you in order to make you enter this plea?
MR. NOLES: We discussed how the PSI works, Judge, and if he didn’t have any severe — if there weren’t any drug felonies that the minimum would be on the table, that would be an option for his sentencing.
THE COURT: Okay. Have any promises or threats been made against you, sir, to make you enter this plea?
MR. MORRIS: Just that, that’s it.
THE COURT: All right. But you understand that the sentence is up to the Court also, is that correct, based on what comes back on your pre-sentence investigation?
MR. MORRIS: Yes, sir.
THE COURT: You understand that?
MR. MORRIS: Yes, sir.
|3[PROSECUTOR]: In other words, he understands he’s not guaranteed two years.
THE COURT: That’s what I explained. You’re not guaranteed two years.
MR. MORRIS: Long as it comes back I ain’t got no drug record, criminal record.
THE COURT: Yeah.
MR. MORRIS: Yes, sir.
THE COURT: If you haven’t got an extensive criminal record, but you understand that there’s no guarantees in this, is that correct?
MR. MORRIS: Yes, sir.
The trial court accepted the guilty plea, ordered the preparation of a presentence investigation (“PSI”) report and scheduled a sentencing hearing. At the hearing, the trial court reviewed the PSI report, focusing primarily on the defendant’s extensive criminal history. In addition to two prior felony convictions for illegal possession of stolen things and indecent behavior with a juvenile, the defendant had numerous misdemeanor convictions, including resisting an officer, driving under the influence and drug possession. The defendant had been arrested on numerous other occasions on charges which were either nolle prossed or for which no disposition could be found.
Considering the defendant’s extensive criminal history and a general reference to the factors enumerated in LSA-C.Cr.P. art. 894.1, the trial court sentenced the defendant to serve seven and one-half years in prison at hard labor, the first two years to be served without the benefit of probation, |4parole or suspension of sentence, with credit for time served. The court found that any lesser sentence would deprecate the seriousness of the offense.
*249 On that same date, the co-defendants, Moore and Dunbar, were also sentenced. Moore was sentenced to two years’ imprisonment at hard labor without the benefit of probation, parole or suspension of sentence, and Dunbar was sentenced to four years’ imprisonment at hard labor, with all but two years suspended, to be served without the benefit of probation, parole or suspension of sentence. The defendant appeals.
DISCUSSION

Guilty Plea

The defendant did not file a motion to withdraw his guilty plea. Nevertheless, he contends his guilty plea is invalid because he was induced into pleading guilty by a plea agreement, “or by what he reasonably believed was a plea agreement, and the terms of the bargain were not satisfied.” The defendant argues that he was promised that he would only receive a two-year sentence if the PSI report indicated that he had no prior felony drug convictions. Because a greater sentence was imposed, the defendant argues that his plea was not knowing and voluntary.
A trial court may permit the withdrawal of a guilty plea at any time before sentencing. LSA-C.Cr.P. art. 559(A). A constitutionally infirm guilty plea may be set aside either by means of an appeal or post-conviction relief. State v. Dixon, 449 So.2d 463 (La.1984); State v. Johnson, 2006-0467 (La.App. 1st Cir.9/20/06), 943 So.2d 1177. A guilty plea is |5constitutionally infirm if a defendant is induced to enter the plea by a plea bargain, or what he justifiably believes was a plea bargain, and that bargain is not kept. In such cases, the guilty plea was not given freely and knowingly. State v. Phillips, 479 So.2d 515 (La.App. 1st Cir.1985), writ denied, 484 So.2d 667 (La.1986).
It is well settled that a defendant may not withdraw his plea solely because the sentence he received is greater than anticipated. State v. Blanchard, 2000-1147 (La.4/20/01), 786 So.2d 701; State v. Thompson, 414 So.2d 1218 (La.1982); State v. Deakle, 372 So.2d 1221 (La.1979). It is not unreasonable for a trial court to deny a defendant the luxury of gambling on his sentence, then withdrawing his plea if and when he discovers, before imposition, the sentence is not to his liking. State v. Deakle, supra; State v. Johnson, 260 La. 902, 257 So.2d 654 (1972).
In this case, the defendant argues he was induced to plead guilty by the belief that he would receive the minimum sentence, as long as the PSI showed that he did not have a prior felony drug conviction. The defendant asserts that the terms of the bargain were violated when the court sentenced him to more than the minimum (two years) mandated by statute.
We find that the record does not support the defendant’s claim that his guilty plea was involuntary. The trial court clearly explained to the defendant that the penalty for possession with intent to distribute was imprisonment at hard labor, for not less than two years and not more than thirty, the first two of which had to be served without the benefit of probation, parole or suspension of sentence. When the court asked the |6defendant if he understood the penalty exposure, the defendant replied, ‘Tes, sir.” When asked if he was promised anything in exchange for the plea, defense counsel explained that he had discussed with the defendant how the PSI could impact his sentencing and that if it showed no “severe” or felony drug convictions, the minimum sentence would be an option for the trial court to impose. After this exchange, the trial court repeatedly asked the defendant whether he understood that, in spite of what the PSI might *250 reveal, there were no guarantees with regard to his sentence. The defendant indicated that he understood by replying, “Yes, sir.” Furthermore, the only substantive statement by the defendant during this questioning was during the court’s explanation that there were no sentencing guarantees. In response, the defendant stated, “Long as it comes back I ain’t got no drug record, criminal record.”
The defendant’s statement indicates that he believed the minimum sentence would be imposed in the absence of a drug and criminal record. Given that the defendant had both a prior drug conviction and an extensive criminal record, the trial court’s failure to impose the minimum sentence does not run afoul of the defendant’s alleged understanding. There is no indication in the record that defendant’s attorney, the prosecutor or the trial court advised the defendant that he would receive a two-year sentence in exchange for a guilty plea, regardless of whether he had prior felony drug convictions. Under these circumstances, we find that the defendant was not justified in believing that such a plea bargain existed.
The defendant also attempts to bolster this argument by contending he |7had every reason to believe that, in entering his plea, he would receive a two-year sentence, since he had just observed two of his co-defendants, who had been offered the same bargain, receive a two-year sentence for the exact same offense. This argument blurs the time line of events. The defendant entered his plea on March 27, 2007, three months before he and his co-defendants were sentenced. Accordingly, the sentences imposed for his co-defendants could have had no bearing on the defendant’s frame of mind at the time he entered his plea. Additionally, the trial court’s minutes with regard to his co-defendants’ pleas do not reflect that they were sentenced pursuant to any plea agreement. Furthermore, Dunbar, one of the two co-defendants sentenced on the same day as the defendant, was sentenced to serve four years at hard labor, although two years of his sentence were suspended.

Excessive Sentence

In the alternative, the defendant claims that the disproportionality in his sentence, as compared to the sentences of his co-defendants, renders his sentence excessive. The defendant argues that there is no reasonable explanation for the fact that the length of his sentence was more than three times the length of the sentences of his co-defendants.
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in LSA-C.Cr.P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately |8considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Lathan, 41,855 (La.App.2d Cir.2/28/07), 953 So.2d 890. The articulation of the factual basis for a sentence is the goal of LSA-C.Cr.P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with LSA-C.Cr.P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982); State v. Hampton, 38,017 (La.App.2d Cir.1/28/04), 865 So.2d 284, writs denied, 2004-0834 (La.3/11/05), 896 So.2d 57 and 2004-2380 (La.6/3/05), 903 So.2d 452.
Secondly, a sentence violates La. Const, art. 1, § 20 if it is grossly out of proportion to the seriousness of the of *251 fense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Smith, 2001-2574 (La.1/14/03), 839 So.2d 1; State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864; State v. Richardson, 545 So.2d 714 (La.App. 2d Cir.1989).
There is no requirement that co-defendants be treated equally by the sentencing judge. State v. Rogers, 405 So.2d 829 (La.1981); State v. Taylor, 485 So.2d 117 (La.App. 2d Cir.1986). A reviewing court may consider disparity of sentences between co-defendants when there is no |9reasonable basis in the record for the disparity. State v. Quimby, 419 So.2d 951 (La.1982); State v. Jackson, 30,-473 (La.App.2d Cir.5/13/98), 714 So.2d 87. Furthermore, disparity in sentences is only one factor to be considered along with all other appropriate considerations in evaluating a contention that a sentence is excessive. State v. Quimby, supra.
A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of discretion, the reviewing court will not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. McCall, 37,442 (La.App.2d Cir.8/20/03), 852 So.2d 1162, writ denied, 2004-0039 (La.12/17/04), 888 So.2d 858.
In this case, with regard to the issue of excessiveness, the trial court specifically noted that it had considered the contents of the PSI report and the sentencing considerations of LSA-C.Cr.P. art. 894.1. The court noted that this was the defendant’s third felony offense, which, along with the other various misdemeanor offenses, constituted an extensive criminal background. In light of these aggravating factors, the trial court found that a lesser sentence would deprecate the seriousness of the defendant’s crime. Thus, a review of the record indicates that the trial court was cognizant of the sentencing considerations of LSA-C.Cr.P. art. 894.1.
As stated above, pursuant to LSA-R.S. 40:967(B)(4)(b), the sentencing range for possession of cocaine with intent to distribute is imprisonment at hard labor for not less than two years nor more than thirty years, the first two years being without benefit of parole, probation or suspension of sentence, and a discretionary fíne of not more than $50,000. |10Thus, the defendant’s seven and one-half-year sentence falls within the lower sentencing range. Additionally, the defendant received an even more substantial reduction in sentence exposure when the state agreed to nolle prosequi the additional charges which were pending against him.
Consequently, the defendant’s sentence is not grossly disproportionate to the seriousness of the offense committed, nor does it constitute a needless infliction of pain and suffering. Thus, the trial court did not abuse its discretion, and the sentence is not constitutionally excessive.
We have examined the record for error patent and found none.
CONCLUSION
For the reasons set forth herein, we affirm the defendant’s conviction and sentence.
AFFIRMED.