SANDERS, Chief Justice.
After trial by jury, defendant was convicted of armed robbery, a violation of LSA-R.S. 14:64, and sentenced to serve twenty-five years in the custody of the Louisiana Department of Corrections. At the time of the sentencing on May 24, 1967, defendant directed his court appointed attorney to appeal his conviction and sentence; however, the attorney failed to appeal. Later, the defendant filed a ha-beas corpus proceeding in the district court, and the court granted an out-of-time appeal. During the course of trial, defendant reserved three Bills of Exceptions, two of which he relies upon on appeal for reversal of his conviction. The remaining bill, being neither briefed nor argued, is considered abandoned. State v. Richmond, La., 284 So.2d 317 (1973).
BILLS OF EXCEPTIONS NOS. 1 AND 2
Defendant urges that a statement he made to interrogating officers which was later admitted into evidence was involuntarily given and, therefore, inadmissible at trial. Likewise, he urges that an officer’s testimony at trial, relating to the above statement, was inadmissible for the same reason.
After examining the record, particularly those portions attached to the Bills of Exceptions, we find defendant’s arguments unsubstantiated, and, therefore, without merit. Defendant argues in brief that he did not voluntarily waive his right to remain silent during police interrogation; that he was threatened and coerced into answering questions; and that police officers promised him that a sawed-off shotgun found in plain view in his car during arrest would be “thrown out” if defendant confessed to the robbery. The in-culpatory statement which defendant objected to was that he owned the sawed-off shotgun found in his auto. In court, defendant testified that he had been informed of his rights and identified the waiver of *893 rights form he had signed. He further testified that all questions he had answered, he had answered voluntarily. (Tr. p. 129). He specifically stated that his acknowledgment of ownership, of the shotgun was made voluntarily:
Q. My question to you was, all we are trying to do is determine whether or not the statements made by you to the police officers were done voluntarily or involuntarily.
A. Well, the shotgun, that was the only thing I volunteered, the shotgun, otherwise there wasn’t nothing else, you know, I had said. (Tr. p. 130).
He also testified that at no time did he inform police officers that he did not wish to answer any more questions.
Defendant’s Bills of Exceptions are without merit.
For the reasons assigned, the conviction and sentence are affirmed.