327 So.2d 388 (1976)
STATE of Louisiana
v.
Nathaniel JOHNSON.
No. 57063.
Supreme Court of Louisiana.
February 23, 1976.
*389 Vincent Wilkins, Jr., Director, Roland T. Huson, III, Appellate Counsel, Baton Rouge, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie B. Brown, Dist. Atty., James E. Boren, Asst. Dist. Atty., for plaintiff-appellee.
DIXON, Justice.
The defendant, Nathaniel Johnson, was charged by bill of information, dated July 16, 1974, with the crime of armed robbery, in violation of R.S. 14:64. After a jury trial, he was convicted and subsequently sentenced to fifty years imprisonment. Five assignments of error were presented to the trial court; however, two were neither briefed nor argued on appeal, and are therefore deemed abandoned. State v. Carlisle, 315 So.2d 675 (La.1975).

Assignment of Error No. 1
The defendant's first assigned error relates to a line-up identification of the defendant by one of the victims of the robbery and that victim's subsequent in-court identification. Specifically, the defendant alleges that the trial judge erred in allowing the victim of the robbery to identify him at trial because (1) the line-up at which she had earlier identified the defendant was so impermissibly suggestive that it tainted any subsequent identification and (2) he was without benefit of counsel at the line-up.
The defendant's evidence that the line-up was impermissibly suggestive is minimal. The defendant chose those who were to stand with him, as well as the order *390 in which they were to stand. The defendant contends the line-up was suggestive because he had some writing on his pants, while the others did not. A review of the photograph taken of the line-up reveals that another person in the line-up had drawings of some sort on his pants leg. All of the participants were of a similar height and weight, wore the same type of prison clothing and had on similar colored shoes. The record does not support the defendant's contention that this line-up was impermissibly suggestive. State v. Payton, 294 So.2d 211 (La.1974).
Nor does the absence of counsel at the line-up violate the defendant's constitutional rights. The line-up took place before the bill of information was filed. In Kirby v. Illinois, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972), the United States Supreme Court held that there is no right to counsel at preindictment line-ups. See State v. Johnson, 306 So.2d 724 (La. 1975).
The defendant also contends that he is entitled to counsel at the line-up under the provisions of Article 1, § 13 of the Louisiana Constitution. That article provides:
"When any person has been arrested or detained in connection with the investigation or commission of any offense, he shall be advised fully of the reason for his arrest or detention, his right to remain silent, his right against self incrimination, his right to the assistance of counsel and, if indigent, his right to court appointed counsel. In a criminal prosecution, an accused shall be informed of the nature and cause of the accusation against him. At each stage of the proceedings, every person is entitled to assistance of counsel of his choice, or appointed by the court if he is indigent and charged with an offense punishable by imprisonment. The legislature shall provide for a uniform system for securing and compensating qualified counsel for indigents."
We cannot agree with the defendant's contention. A preindictment line-up is not a "stage of the proceedings" at which defendant is entitled to counsel. C.Cr.P. 382; La.Const. art. 1, § 15 (1974).
Assignment of Error No. 1 is without merit.

Assignment of Errors Nos. 2 and 3
The defendant contends that the trial judge erred in failing to suppress a tape recorded confession. The basis of defendant's claim is that he did not make an intelligent and knowing waiver of his right to remain silent, and that the confession was the result of coercive promises and therefore not freely and voluntarily given.
At the hearing on the motion to suppress, the State has the burden of proving beyond a reasonable doubt that a confession or inculpatory statement was made freely and voluntarily. C.Cr.P. 703; State v. Bray, 292 So.2d 697 (La.1974). We find no error in the trial judge's determination that the State met its burden.
Before the defendant, who had a ninth grade education, was questioned he was orally advised of his Miranda rights by an officer. He then read his rights and signed a waiver of rights form. Additionally, as the taping began, he was again advised completely of his rights and positively responded that he understood his rights and was voluntarily waiving them in making the statement. Both of the officers who were present at the taping of the confession stated that no threats or inducements were made to the defendant in order to procure his confession. The only allegation of inducement is the defendant's statement that one of the officers promised him that he would get ten years or less if he confessed. This unsupported allegation is contradicted by the officers. We conclude, *391 as did the trial judge, that the confession was freely and voluntarily given. See State v. Minor, 311 So.2d 892 (La. 1975); State v. Thomas, 310 So.2d 517 (La.1975).
Assignment of Errors Nos. 2 and 3 are without merit.
Accordingly, the conviction and sentence are affirmed.