MARCUS, Justice.
James Lozan was charged by bill of information with the crime of armed robbery in violation of La.R.S. 14:64. Defendant waived trial by jury and elected to be tried by the court. After trial, the judge found him guilty as charged and sentenced him to serve six years at hard labor with credit given toward service of his sentence for time spent in actual custody prior to imposition of sentence. On appeal, defendant relies on two assignments of error for reversal of his conviction and sentence.
ASSIGNMENT OF ERROR NO. 1
Defendant contends the trial judge erred in not suppressing an out-of-court identification of him made by a prospective state witness, Jolinda McPherson. He argues that the one-on-one identification made outside the police station by Ms. McPherson shortly after the commission of the crime was impermissibly suggestive.
Prior to trial, defendant moved to suppress identifications made by three prospec *109 tive state witnesses.[1] At the suppression hearing, the following facts were revealed. At approximately 4 o’clock one afternoon, an employee at the American Finance Corporation office, John E. Kelley, was robbed at gunpoint by a black male. Present in the office at the time was another employee, Rosemary Pitre. As the perpetrator of the crime departed from the office, he brushed past Jolinda McPherson, who was entering the office, and fled in a red late model vehicle driven by another male. As a result of descriptions of the robber and the vehicle furnished to the police by witnesses to the robbery, defendant was later stopped by police officers and informed that he and his vehicle fit the descriptions given by the witnesses. However, defendant was not placed under arrest at this time. Expressing his desire to clear himself of any involvement in the crime, defendant agreed to accompany the officers to the American Finance Corporation office so that he could be viewed by the witnesses to the crime. However, upon their arrival at the finance office, the officers and defendant discovered that the witnesses were no longer there. Being advised that Jolinda McPherson, one of the witnesses, would be at the police station, they proceeded to the station. Defendant and an officer were standing on the front steps of the station, an area well lighted, talking, when Ms. McPherson arrived at approximately 7:00 p. m., within three hours after the commission of the crime. After indicating her unwillingness to go into the police station, she identified defendant from a police vehicle parked across the street (about thirty to thirty-five feet) from where defendant was standing. Approximately one week later, Ms. McPherson, together with Mr. Kelley and Mrs. Pi-tre, attended a lineup at which they all made identifications of defendant. At the conclusion of the suppression hearing, the trial judge denied defendant’s motion to suppress identifications made of him.
At trial, Mr. Kelley and Mrs. Pitre testified and made positive identifications of defendant as the perpetrator of the armed robbery. Ms. McPherson did not testify at trial nor was any evidence adduced relative to her one-on-one identification of defendant.
Assuming, without deciding, that the one-on-one confrontation between defendant and Ms. McPherson was impermis-sibly suggestive, defendant’s contention raised under this assignment of error is of no moment since Ms. McPherson did not testify at trial and no evidence concerning this identification was introduced at trial. See State ex rel. Clark v. Marullo, 352 So.2d 223 (La.1977). Hence, the result was the same as if the trial judge had granted defendant’s motion to suppress the one-on-one identification made by Ms. McPherson. Under the circumstances, we find no merit to Assignment of Error No. 1.
ASSIGNMENT OF ERROR NO. 2
Defendant contends the trial judge erred in denying his motion to suppress the pre-indictment lineup identifications made by John E. Kelley, Rosemary Pitre and Jolinda McPherson grounded on the claim that he was not afforded counsel at the pre-indictment lineup.
In Kirby v. Illinois, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972), the United States Supreme Court held that an accused is entitled to counsel at a lineup when adversary proceedings are initiated “whether by way of formal charge, preliminary hearing, indictment, information, or arraignment.” Applying the holding in Kirby, this court has consistently held that the presence of an attorney is not required at lineups held prior to the filing of bills of information or indictments. State v. Spears, 350 So.2d 603 (La.1977); State v. Rudolph, 332 So.2d 806 (La.1976); State v. Stewart, 325 So.2d 819 (La.1976); State v. Nero, 319 So.2d 303 (La.1975); State v. *110 Lawrence, 294 So.2d 476 (La.1974). Moreover, we have specifically held that a defendant is not entitled to counsel at a pre-indictment lineup under La.Const. art. I, § 13 (1974) since a pre-indictment lineup is not a “stage of the proceedings” at which a defendant is entitled to counsel. La.Const. art. I, § 15 (1974); La.Code Crim.P. art. 382; State v. Johnson, 327 So.2d 388 (La.1976). Hence, the trial judge did not err in denying defendant’s motion to suppress the pre-indictment lineup identifications grounded on this claim.
Assignment of Error No. 2 lacks merit.
DECREE
For the reasons assigned, the conviction and sentence are affirmed.

. In this appeal, defendant attacks only the one-on-one identification made by Ms. McPherson on the ground of suggestiveness. Under this assignment of error, no claim of infirmity is asserted as to the subsequent lineup identifications made by Ms. McPherson, John E. Kelley and Rosemary Pitre or as to the in-court identifications made by the latter two.