HALL, Judge.
The defendant, James S. Louis, appeals his conviction for possession of marijuana, second offense, in violation of LSA-R.S. 40:966, and his sentence of three years imprisonment at hard labor and a fine of $2,000, contending the sentence imposed contravenes the expressed terms of a plea bargain agreement perfected in this case and contending that the sentence constitutes excessive punishment. We agree with the defendant’s first contention, express no opinion as to the second contention, and reverse the defendant’s conviction, vacate and set aside the sentence imposed, and remand the case to the district court for further proceedings.
On September 20, 1982, the defendant was charged by bill of information with possession of marijuana with the intent to distribute. The defendant pled not guilty. Trial commenced on February 2, 1983, and after a jury had been selected and sworn but before any witnesses were sworn, the defendant, in accordance with a plea bargain agreement, withdrew the plea of not guilty and entered a plea of guilty to the reduced charge of possession of marijuana, second offense. The transcript of that proceeding discloses that as part of the plea bargain agreement the trial court specifically agreed to limit the sentence to not more than 2lk years. A presentence inves--tigation was ordered.
On May 24, 1983, over three months later, the court imposed a sentence of three years at hard labor and a fine of $2,000 for the offense. However, when the defendant objected to the sentence imposed, the court allowed the withdrawal of the guilty plea, and fixed the case for trial on June 27, 1983. Although defendant objected to the sentence, no mention was made by the prosecution or defense counsel of the court’s previous agreement to limit the sentence.
On May 31, 1983, at a “resentencing” hearing, the court reimposed the same sentence stating that it found from the record that the defendant was not in a plea bargaining situation because the defendant had been tried or was being tried at the time of his guilty plea since the jury had been selected and sworn prior to the entry of that plea. The defendant objected to the court’s refusal to allow the withdrawal of his guilty plea and to allow the defendant a trial. Again, no mention was made of the sentence limitation agreement. This appeal followed.
It is undisputed that as part of the plea bargain agreement it was agreed that the court would not impose a sentence greater than 2¾⅞ years upon the defendant in connection with this offense and that this agreement was a significant inducement or consideration in the defendant’s decision to plead guilty. The record further establishes an express acceptance of the plea bargain by all parties concerned, the state, the defendant, and the trial court. The state has filed no brief in this matter and has made no attempt to refute the defendant’s contention that the sentence imposed violates the terms of the plea bargain agreement. Commendably, the trial judge filed *824 a per curiam in this court stating that at the time of sentencing the court did not have the plea bargain agreement available, and that the sentence should not have not exceeded the 2V2-year term stipulated in the plea bargain. That court has instituted the practice of transcribing all plea bargain agreements to prevent repetition of the kind of error which occurred in this case.
Whenever a guilty plea rests in any significant degree on an agreement or promise that can be viewed as a part of the inducement or consideration for the plea given, that agreement or promise must be fulfilled. Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). Otherwise, the guilty plea is constitutionally infirm because it lacks the necessary affirmative showing that it was intelligently and voluntarily entered. State v. Hayes, 423 So.2d 1111 (La.1982); State ex rel LaFleur v. Donnelly, 416 So.2d 82 (La.1982); State v. Jones, 398 So.2d 1049 (La.1981); State v. Chalaire, 375 So.2d 107 (La.1979); State v. Neitte, 363 So.2d 425 (La.1978). When a plea bargain is breached, albeit inadvertently, by imposition of a sentence greater than that agreed upon, the defendant is entitled to (1) specific performance of the plea bargain by resentenc-ing in accordance with the agreement perfected or (2) withdrawal of the guilty plea and trial on the original charge, whichever due process requires under the facts of the case.
In this case, the trial court first erred in imposing a sentence greater than the maximum stipulated in the plea bargain agreement. The court, after allowing the defendant to withdraw the guilty plea and setting the case for trial, further erred in revoking its allowance of withdrawal of the guilty plea and sentencing the defendant as though a guilty plea had' been properly entered.
Accordingly, the defendant’s conviction is reversed, his sentence is vacated and set aside, and the case is remanded to the district court. Under the circumstances of this case, the defendant should be afforded the option of entering a plea of guilty to the reduced charge and being sentenced within the limits of the plea bargain agreement, or of entering a plea of not guilty and going to trial on the original charge; before a different judge in either event.
Reversed and remanded.