DOUCET, Judge.
The defendant, Steven Willis, was charged by bill of information with six counts of forgery, in violation of La.R.S. 14:72. On December 13, 1982, defendant changed his plea of not guilty to guilty. Defendant’s appointed counsel, Joy Clemons, was not present. Jack Rogers stood in as defense attorney. The trial judge Boyk-enized (See: Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), the defendant and sentenced him to serve five years at hard labor on each of the six counts with the sentences to run concurrently.
On March 14, 1983, a hearing was held on defendant’s “Motion for Arrest of Sentence and/or New Trial”. Defendant attempted to withdraw his guilty plea. He alleged that he only intended to plead to two counts of forgery, rather than six *862 counts of forgery, and that the waiver of rights form had been altered to read six counts. Therefore, he argued that his plea of guilty was not knowing and voluntary. The trial judge denied defendant’s motion. Defendant now appeals the trial judge’s ruling.
Defendant urges that Judge Bond erred in accepting and entering a plea of guilty by defendant on six counts of forgery.
La.C.Cr.P. art. 559 permits a plea of guilty to be withdrawn at any time before sentence is imposed. Defendant made no attempt to do this. However, the Louisiana Supreme Court has stated that the trial court can vacate a plea of guilty even after sentencing when it is determined that the facts surrounding the plea rendered it “constitutionally deficient”. State v. Lewis, 421 So.2d 224 (La.1982); State ex rel. Clark v. Marullo, 352 So.2d 223 (La.1977).
Defendant contends that he was led to believe that he was to enter a plea of guilty to two counts of forgery and that the other four counts would be dismissed by the State. As a result of this, defendant argues, his plea of guilty to six counts of forgery was not free and voluntary and is, consequently, constitutionally infirm. Therefore he argues that he should be allowed to withdraw his plea.
It is not clear from the transcript of the hearing on the “Motion for New Trial” from whom Mr. Willis drew the impression that he was to plead only to two counts of forgery, or if he was, in reality, told this at all. On direct examination Mr. Willis testified as follows:
“Q. Prior to that time, how did you get the information as to the plea bargain— if we can call it that — on the 2 counts? Who gave you that information; the District Attorney’s Office or Ms. Clemons or Mr. Rogers?
A. Ms. Clemons, from the very start, and then she ... like I say, when Mr. Rogers turned it over, she told him and then I was going to go ahead and go to trial with it and then the day of trial, he told me that, you know ... I told him that if the deal is still on, I would take it.”
However, on cross-examination, his testimony was to the contrary:
“Q. The deal that you indicated that Ms. Clemons spoke to you about was what, sir?
A. To ... Ms. Clemons had never said nothing about this dismissing any charges. Mr. Rogers came to me with that, that morning when I talked to him. All along she told me 2 years ... to plead guilty and 2 years in the parish jail.”
It should be noted that the defendant claims that the Waiver of Constitutional Rights form he initially signed stated two counts of forgery and that his attorney wrote six over the two after he had pled guilty. Examination of the form indicates that this may be true. Nevertheless, it appears from the plea colloquoy that the defendant was informed that he was pleading to six counts of forgery and that he understood the guilty plea was to six counts.
Defendant further contends that he was led to believe that he would receive a sentence of two years for this plea. He argues that the trial judge erred in sentencing him to five years, contrary to the recommendation of the State and defense attorneys. However, it is clear that the defendant was fully informed by the trial judge during the sentencing that he could impose any sentence he desired.
“THE COURT: Do you understand that the Court has made no promise to anyone concerning the sentence to be imposed in this case. I know nothing of it. I have not discussed it with either the prosecutor or your attorney. I will listen to any recommendation made by the two attorneys, the State and your attorney, if it’s agreed to by you; but, then I will impose the sentence that seems to me appropriate. You understand that?
MR. WILLIS: Yes, sir.”
Where a promise or plea-bargain is made then broken, the defendant has the right to withdraw the plea. State v. Lock *863 wood, 399 So.2d 190 (La.1981). However, the testimony of the defendant himself shows that this is not the case.
“THE COURT: Has anyone persuaded you to plead guilty by the use of any threats, pressure, force, promise, coercion, of any kind?
MR. WILLIS: No sir.
THE COURT: You wish to plead guilty?
MR. WILLIS: Yes, Your Honor.
THE COURT: Very well. Let a plea of guilty be entered.”
It appears that defendant is simply unhappy with the sentence he has received. The dissatisfaction of the defendant with the sentence received is not grounds for the withdrawal of a guilty plea. “A defendant in a criminal prosecution cannot test the sentence and then, if dissatisfied with it, elect to go to trial.” State v. Robinson, 311 So.2d 893 (La.1975); State v. Johnson, 257 So.2d 654 (La.1972). See also. State v. Deakle, 372 So.2d 1221 (La.1979) and State v. Boatright, 406 So.2d 163 (La.1981). Withdrawal of a plea of guilty rests within the sound discretion of the trial judge. La.C.Cr.P. art. 559, State v. Deakle, supra; State v. Robinson, supra. Defendant was fully informed of the consequences of his plea. We find that the trial judge did not abuse his discretion in refusing to allow defendant to withdraw his plea or in sentencing the defendant. We affirm the conviction and the sentence imposed upon the defendant by the District Court.
AFFIRMED.