J. BRUCE NACCARI, Judge Pro Tem.
The defendant, John Tuscano, appeals his sentence of five (5) years at hard labor imposed as a result of his guilty plea to the charge of pandering, in violation of LSA-R.S. 14:84(6). He contends that the trial judge violated the terms of the plea bargain agreement in this matter and he should, therefore, be allowed enforcement of the agreement. We agree with the defendant’s contention and hold that he should be given an additional year to pay the five thousand ($5,000.00) dollar fine.
On November 3, 1982, Tuscano was arrested for pandering and charged by bill of information # 82-3527 with violating LSA-R.S. 14:84(6). On January 11 and 12, 1983, the defendant was tried and convicted on a related pandering charge. Immediately following the imposition of sentence in that matter, the defendant was advised of all of his rights and pled guilty in matter # 82-3527, the issue currently on appeal. At that time, the trial court judge discussed the alternative sentences which could be imposed. The judge explained that either Tuscano would be required to pay a five thousand ($5,000.00) dollar fine or that he would serve five (5) years at hard labor, to be served consecutively with the sentence imposed in the related pandering conviction. Formal sentencing was delayed by mutual consent to afford Tuscano the op- *70 portumty to raise the money to pay the fine. A review proceeding, to determine if sentencing should take place at that time, was set for January 18, 1984.
/ In the intervening twelve (12) months, the defendant filed several motions, including a motion to withdraw his plea of guilty. All the motions were denied by the trial court and writs were denied by this court as well as the Louisiana Supreme Court. Immediately preceeding the review hearing on January 18, 1984, Tuscano again moved to withdraw his guilty plea. The trial judge again denied the motion to withdraw the guilty plea and sentenced the defendant to serve five (5) years at hard labor without allowing him the promised second year to raise the five thousand ($5,000.00) dollars to pay his fine. Subsequently, the defendant filed for an appeal with this court which was dismissed as untimely. The Louisiana Supreme Court granted writs and transferred the case to this court for consideration as an out-of-time appeal. That appeal is currently before this court.
Defense counsel presents one assignment of error for consideration:
The trial court violated Defendant’s Plea Agreement and defendant is entitled to enforcement of that agreement.
It is undisputed that as part of the plea bargain in this matter, it was agreed that the trial court would allow the defendant up to two (2) years to raise the five thousand ($5,000.00) dollars necessary to pay his fine. If he could not raise that amount within two years, he was to be sentenced to serve five (5) years at hard labor, to be served consecutively with the sentence imposed in the related pandering case. The trial court, at the time of the plea bargain, agreed to delay the sentencing date for one year to permit the defendant the time to raise the five thousand ($5,000.00) dollar fine. The trial judge also agreed that he would concur at the time of the hearing if the defendant required additional time to raise the money to pay his fine. Nevertheless, at the hearing held on January 18, 1984, even though Tuscano reminded te trial judge he had been given two years in which to pay the fine, the trial judge not only imposed the agreed upon sentence, five years at hard labor to run consecutively with the sentence imposed in the other pandering case, but ordered it to be executed. The trial judge, when reviewing the record, looked only at the Boykin form, which stated sentencing would be held in one year. He did not review the testimony which provided the details of the agreement.
The record supports the defendant’s contention that the statements made at the hearing to accept his guilty plea on January 12,1983 were a promise by the court to allow him up to two (2) years to raise the five thousand ($5,000.00) dollars necessary to pay his fine. Whenever a guilty plea rests in any significant degree on an agreement or promise by the state so that it can be viewed as part of the inducement or consideration; such promise must be fulfilled, or the defendant given an opportunity to withdraw the plea. State v. Holmes, 475 So.2d 1057 (La.1985); State v. Banks, 457 So.2d 1264 (La.App. 1st Cir.1984); State v. Louis, 446 So.2d 822 (La.App. 2nd Cir.1984).
In this case, the trial judge erred at the sentencing hearing held on January 18, 1984, when he imposed the sentence of five years at hard labor in lieu of allowing the defendant the promised additional year to raise the five thousand ($5,000.00) dollars to pay the fine which would be imposed as an alternative to incarceration.
Accordingly, we vacate the five year sentence imposed on January 18, 1984 and remand this matter for resentencing in conformity with the opinion expressed in this judgment.
VACATED AND REMANDED.