DOUCET, Judge.
The defendant, Shelly Celestine, was charged on November 6, 1984 with two counts of theft of over $500 in violation of La.R.S. 14:67, two counts of simple robbery in violation of La.R.S. 14:65, and six counts of theft of less than $500 but more than $100 in violation . of La.R.S. 14:67. On March 13, 1985, the defendant entered pleas of guilty to one count of theft of over $500, one count of simple robbery, and three counts of theft of over $100 but less than $500. The record reveals that she was properly “Boykinized”. After the plea was entered, the trial judge ordered a pre-sentence investigation. On July 23, 1985, the court denied the defendant’s motion to withdraw the guilty pleas and sentenced the defendant to ten years at hard labor for the count of theft of over $500, to seven years at hard labor for the counts of simple robbery, and to two concurrent years at hard labor for each count of theft of over $100 but less than $500. The sentences for simple robbery and for theft of over $100 but less than $500 are to run concurrently with each other and with the sentence for theft of over $500. The defendant appeals from her conviction and sentence.
The defendant first claims that the trial court erred in denying her motion to withdraw her previously entered plea of guilty. The defendant alleges that she entered the guilty pleas with the understanding that if the pre-sentence investigation was unfavorable to the defendant, she would be permitted to withdraw the guilty pleas. She claims that the trial judge erred in denying her motion to withdraw her pleas since the pre-sentence investigation was unfavorable.
A trial court may permit the withdrawal of a guilty plea at any time before sentencing. La.C.Cr.P. art. 559. The trial court’s decision is discretionary and subject to reversal only if the discretion is abused or exercised arbitrarily. State v. Johnson, *171 461 So.2d 1259 (La.App. 1st Cir.1984). If a plea rests in any significant degree on an agreement or promise by the prosecutor which can be viewed as inducement for the plea, such a promise must be fulfilled or the defendant must be given an opportunity to withdraw the plea. State v. Lockwood, 399 So.2d 190 (La.1981). State v. Willis, 457 So.2d 861 (La.App. 3rd Cir.1984).
The defendant alleges the district attorney agreed that if the defendant’s pre-sentence investigation was unfavorable, the defendant would be permitted to withdraw the pleas. She argues that the agreement was broken when the trial judge did not allow her to withdraw the plea and then on the basis of the pre-sentence investigation imposed unsuspended sentences.
“It is by now settled law that a guilty plea is constitutionally infirm when a defendant is induced to enter that plea by a plea bargain or by what he justifiably believes was a plea bargain, and that bargain is not kept. In such a case a defendant has been denied due process of law because the plea was not given freely and knowingly. State v. Hayes, supra [423 So.2d 1111 (La.1982) ]; State ex rel. LaFleur v. Donnelly, 416 So.2d 82 (La.1982); State v. Jones, 398 So.2d 1049 (La.1981); State v. Neitte, 363 So.2d 425 (La.1978); State ex rel. Clark v. Marullo, 352 So.2d 223 (La.1977).”
In State v. Delgado, 388 So.2d 384 (La.1980), the trial court gave the defendant assurances that if the pre-sentence investigation was unfavorable, the defendant would be permitted to withdraw the guilty plea. The Supreme Court stated that by not giving the defendant the opportunity to withdraw his plea, the trial court “nullified the showing that the plea was voluntarily and knowingly made.”
At the hearing on the motion to withdraw the guilty plea in the case presently before us, the defendant, the district attorney, and the defense attorney testified. The district attorney was questioned by defense counsel as follows:
“Q. Was there discussions of a plea bargain between yourself and myself relative to the charges against Ms. Celes-tine?
A. Yes. There was.
Q. Pursuant to those discussions she eventually entered a plea of guilty?
A. That is correct.
Q. What is your understanding of the plea bargain that we arrived at before she entered a plea of guilty?
A. Well, first I have to say originally that the Defendant in the matter was charged with fifteen (15) counts of various violations. And in addition, there were several other charges pending against her that had not been accepted by our office that we discussed.
She had represented to myself and also you that she had no prior records or anything; and that because of the many different offenses, we agreed to a pre-sentence investigation. Based upon her representations, I basically advised you that we would have no objection to a suspended sentence after there was a review of the pre-sentence, at which time we discovered that she had lied to us and was not being honest with us.
Q. Was it also part of the plea bargain that she would be permitted to withdraw her guilty plea if the pre-sen-tence investigation came back unfavorably?
A. I don’t recollect.”
The defense counsel was questioned as follows:
“Q. Was she willing to enter a plea of guilty and receive a sentence of incarceration subsequent to that plea?
A. No. She was not. My understanding was she would enter a plea, and she expected the Court to give her a suspended sentence. What I related to her is that she would be permitted to withdraw her guilty plea if she were to receive anything but a suspended sentence.
*172 Q. Did you make an effort to place any of that into the record of either the boykinization or the sentencing?
A. No. I did not.
Q. But it is your testimony that you advised your client she would' either get a suspended sentence or withdraw the plea and go to trial?
A. That is correct.
Jjc * # * * *
Q. (BY MR. MARX) But in any event, you advised her that the withdrawal of the plea would be conditioned only upon the unfavorable pre-sentence report; is that right?
A. That is right. In the event that the Court or the District Attorney’s Office would recommend a jail sentence.
Q. Did you know that she was perhaps misrepresenting her record or the nature of her past offenses?”
The trial court denied the motion to withdraw the guilty plea based, at least partially, on defendant’s admission that she had lied to the D.A. in the plea bargain sessions. The defendant testified that she was under the impression she would receive a suspended sentence if she pleaded guilty.
The record and the above testimony provides sufficient evidence to conclude that the plea bargain agreement provided that the defendant could withdraw her guilty plea if the pre-sentence investigation was unfavorable. Consequently, the trial court should have allowed the defendant to withdraw her guilty plea.
As a result of this determination, it will not be necessary to consider the defendant’s allegation that an excessive sentence was imposed.
The trial court’s denial of the defendant’s motion to withdraw her guilty plea is reversed. This case is remanded for further proceedings consistent with the decision of this court.
REVERSED AND REMANDED.