CIACCIO, Judge.
Upon application of the State we granted certiorari to review the district court’s grant of defendant’s motion to withdraw her plea of guilty. We now affirm that ruling.
By bill of information the State charged defendant with two counts of forgery in violation of La.R.S. 14:72. On May 20, 1986, the State dismissed the first count and defendant pleaded guilty as charged to the second count. The State filed an “oral Multiple Bill of Information.”[1] Defendant admitted the allegations posited by the State, and waived all delays, requesting immediate imposition of sentence. The court sentenced defendant “to pay a Fine of $500.00 or serve six (6) months in Parish Prison, pay $80.00 Court Cost or serve thirty (30) days in Parish Prison additional and pay $722.00 Restitution or serve six (6) months in Parish Prison additional. All monies to be paid by July 21, 1986.” Defendant timely paid her fine and the court *151 cost, and with the court’s permission paid the restitution amount on July 22, 1986.
On October 30, 1986, the State filed a Motion to Correct Illegal Sentence.[2] La.C. Cr.P. Art. 882. The district court denied the State’s motion. This court on writ of review granted the State’s motion, vacated the sentence imposed, and remanded for sentencing to a term of imprisonment in conformity with La.R.S. 15:529.1. State v. Picchini, unpublished (La.App. 4th Cir., K 6922, January 13, 1987).
On remand defendant moved the court to permit her to withdraw her guilty plea. Defendant’s motion alleges that her guilty plea resulted from a plea bargain agreement which involved dismissal of one count, her guilty plea to the second count, and the imposition of the sentence she received. Defendant argues that since her sentence has been vacated, the district court has discretion to permit her to withdraw her plea, La.C.Cr.P. Art. 559, and that she has a right to withdraw her plea when the promise or bargain made which induced her plea has been broken, State v. Neitte, 363 So.2d 425 (La.1978).
The State argues that defendant’s dissatisfaction with the sentence she is to receive does not constitute sufficient ground to withdraw a guilty plea. State v. Robinson, 311 So.2d 892 (La.1975).
Defendant correctly assessed the procedural posture of her case: her sentence was vacated; she had pleaded guilty and was waiting to be sentenced. Prior to sentencing, withdrawal of a guilty plea rests within the sound discretion of the trial judge. La.C.Cr.P. Art. 559; State v. Robinson, supra. If a guilty plea was induced by a promise or plea bargain made and then broken, defendant has a right to withdraw the guilty plea. State v. Lockwood, 399 So.2d 190 (La.1981); State v. Neitte, supra.
The record before us does not contain a transcript of either defendant’s guilty plea or the hearing on her motion to withdraw the plea. The State argues that the minute entry indicates that defendant stated that she had not been “forced, threatened or intimidated into making the plea” and that this admission manifests that no promises were made to defendant to induce her plea. The State relies on State v. Willis, 457 So.2d 861 (La.App. 3d Cir.1984), as authority that if no promises were made there is no ground for withdrawing the plea. The State’s argument overlooks the difference between a plea induced by a promise or a bargain and a plea induced by force, threats or intimidation.
We note further that the guilty plea form in the record indicates that defendant was aware of the range of sentence for a conviction of forgery, including the minimum sentence if she were adjudicated a second felony offender under La.R.S. 15:529.1. The form also contains the statement, “If a plea bargain agreement has been made, I understand that no other promises which may have been made to me other than as set out here-in-above in this plea bargain are enforceable or binding.” Without addressing the inherent ambiguity in this sentence, we note simply that the plea form makes no reference to any promise or bargain.
We will not disturb a trial judge’s ruling which permits the withdrawal of a guilty plea prior to the imposition of sentence, absent a showing of an abuse of discretion. The application of the State and the record before us do not show that the trial judge abused his discretion. Further, if the trial judge found as fact that defendant pleaded guilty as part of a bargain which would not be satisfied, that finding would be conclusive because our jurisdiction to review criminal cases extends only to questions of law, not to questions of fact. La. Const, of 1974 Art. 5, Sec. 10. As the only factual allegation upon which defendant’s motion to with *152 draw rests is that her plea was induced by a plea bargain agreement which under the order of this Court cannot now be satisfied, the ruling of the trial judge manifests that he was apparently convinced of the veracity of that allegation. Nothing in the record before us indicates otherwise. He, therefore, correctly permitted defendant to withdraw her guilty plea.
For the reasons assigned, the ruling of the district court is affirmed.
AFFIRMED.

. There can be no "oral Multiple Bill of Information." State v. Scott, 499 So.2d 1248 (La.App. 4th Cir.1986). Although this issue is not before us, it would appear on the face of the record that defendant’s adjudication as a multiple offender was fatally defective. The subsequent filing of a written bill would not cure the defect, there would need to be a new hearing and adjudication based upon the written bill.

. At no point in the proceedings, either in the district court or at any time in this court, has the defendant questioned the timeliness of the motion to correct the illegal sentence. We do not here address the timeliness of the State’s motion. That is, whether it is appropriate to consider a motion to correct an illegal sentence filed after the sentence imposed has been completely executed and all proceedings against defendant have apparently terminated.