KING, Judge.
The issue presented by this appeal is whether the trial court was correct in not permitting defendant to withdraw his plea of guilty, made under a plea bargain, for an alleged breach of the plea bargain agreement.
On May 27, 1987, Dwayne Anthony White (hereinafter defendant), was charged by grand jury indictment with second degree murder, a violation of La.R.S. 14:30.1. On September 30, 1987, defendant entered into a plea bargain with the State, withdrawing his previously entered plea of not guilty to second degree murder and entering a plea of guilty to an amended indictment of manslaughter. The court ordered a pre-sentence investigation upon joint recommendation from both the State and the defense attorneys. On January 8, 1988, after a sentencing hearing, defendant was sentenced to twelve years with the Department of Corrections pursuant to La.R.S. 14:31. A post-sentence motion to withdraw the guilty plea was denied on March 3, 1988. Defendant appeals his conviction based on three assignments of error.
FACTS
On March 28, 1987, defendant and the victim, James Lee Harrison, were involved in an altercation over the victim’s ex-girlfriend. The defendant produced a handgun, fired it into the air twice, and then shot the victim in the head. All witnesses agreed that the victim was the initial aggressor, but the evidence was divided with respect to whether or not the victim ever retreated. The evidence also revealed that the victim was not armed at the time. The victim died as a result of the gunshot wound inflicted by defendant on March 29, 1987.
ASSIGNMENT OF ERROR NUMBER 1
Defendant asserts that the trial court erred in not allowing defendant to withdraw his plea of guilty because of a breach of the plea bargain agreement. The law is well-settled that a plea that rests in any significant degree on an agreement or promise by the prosecutor which can be viewed as inducement for the plea, must be *545 allowed to be withdrawn if that promise is not fulfilled. Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971); State v. Celestine, 493 So.2d 169 (La.App. 3 Cir.1986); State v. Willis, 457 So.2d 861 (La.App. 3 Cir.1984). Permitting the withdrawal of a guilty plea rests within the discretion of the trial judge. La.C.Cr. P. Art. 559; State v. Deakle, 372 So.2d 1221 (La.1979). The plea bargain was based on the reduction of the original charge of second degree murder to a lesser charge of manslaughter, and it included an agreement that a pre-sentence investigation report would be requested and that no sentence recommendation would be made by the State. It must therefore be determined if a breach of the plea bargain agreement occurred such as to warrant the withdrawal of the guilty plea.
At the time of the entering of the guilty plea, the State honored its commitment to request a pre-sentence investigation report as shown by the following exchange:
“THE COURT: Will there be a recommendation in this matter?
MS. LEE: There will be a joint request for a pre-sentence investigation, Your Honor.”
Review of the transcript at the time of the guilty plea and sentencing shows that no sentence recommendation was ever made by the State in open court. However, defendant contends that the State violated the plea bargain agreement when the assistant district attorney made a statement about the sentence the defendant should receive to the probation and parole officer in charge of the pre-sentence investigation when she knew the Court would review the pre-sentence investigation report before imposing sentence.
The pre-sentence investigation report contained the following statement:
“Prosecuting Attorney Lydia Lee of the 14th Judicial District Attorney’s Office was contacted 11/6/87, through her secretary, Elenore Gibson. Elenore reports that Lydia Lee thinks subject has been involved in other shooting incidents, that his friends have hidden or misplaced evidence and that the defendant is dangerous and a menace to society. She recommended extended incarceration.” (Emphasis added.)
The assistant district attorney contended at the time of sentencing that the plea bargain agreement had not been broken. The assistant district attorney felt that the pre-sentence investigation report which did not include a formal recommendation from the State for a determinate sentence fulfilled the plea bargain agreement particularly since the State also did not make any recommendation for sentence in open court at the time of the sentencing hearing.
“Our government is the potent, the omnipresent, teacher. For good or ill, it teaches the whole people by its example.” Olmstead v. United States, 277 U.S. 438, 485, 48 S.Ct. 564, 575, 72 L.Ed. 944, 960 (1928), (Brandéis J. dissenting). “If the government breaks its word, it breeds contempt for integrity and good faith. It destroys the confidence of citizens in the operation of their government and invites them to disregard their obligations. That way lies anarchy. We deal here with a ‘pledge of public faith — a promise made by state officials — and one that should not be lightly disregarded.’ ” Workman v. Commonwealth, 580 S.W.2d 206, 207 (Ky.1979). “We are faced with a hard choice, but in the last analysis we find it less evil that a criminal should escape punishment than that the government should be allowed to welsh on its bargain.” Olmstead v. United States, supra, 277 U.S. at 470, 48 S.Ct. at 575, 72 L.Ed. at 952-53 (Holmes, J. dissenting). “When the conduct of an officer of the executive branch becomes enmeshed in the judicial process, the courts have the power and the resulting duty to supervise that conduct to the extent it uses the judicial administration of criminal justice.” United States v. Paiva, 294 F.Supp. 742, 746 (D.D.C.1969).
The State as a part of the plea bargain agreed that it would not make a recommendation for sentence. Recommendation is defined in Webster’s New Collegiate Dictionary as the action of recommending. Recommend is defined in Webster’s New Collegiate Dictionary as to urge. A recommen *546 dation of a sentence of extended incarceration is certainly an action urging a sentence. This is exactly what the State agreed it would not do. Just because the State made the recommendation to a probation and parole officer in charge of making a pre-sentence investigation report for the Court, which the State had joined in requesting and which the State knew what the Judge would see before imposing sentence, and just because no determinate sentence was recommended to the probation and parole officer or just because no sentence recommendation was made in open court does not make the State’s action any less a recommendation for sentence. The State can not do indirectly what it agreed not to do directly. For these reasons the State did not honor its plea bargain agreement and the defendant’s guilty plea, made on the basis of this agreement, must be set aside. The trial court was in error in failing to grant defendant’s motion to withdraw his guilty plea.
For these reasons we do not consider the defendant’s other assignments of error. The defendant’s plea, conviction, and sentence are set aside and the matter is remanded to the trial court for further proceedings.
SENTENCE VACATED; GUILTY PLEA AND CONVICTION SET ASIDE; AND CASE REMANDED.
LABORDE, J., dissents and assigns written reasons.