PER CURIAM.
Granted. A fair reading of the plea form and Boykin colloquy reveals that an agreement was reached in which the defendant’s sentencing exposure would be capped at 10 years provided that a pre-sentence investigation did not determine that the defendant had more than one prior conviction at that time. Although the presentence report revealed other criminal history, it did not show any other prior conviction(s) than the one acknowledged by defendant during the Boykin hearing. Under these circumstances, as Chief Judge Thibodeaux observed, State v. Lemelle, 06-0371 (La.App. 3rd Cir.9/27/06), 937 So.2d 444, 2006 WL 2806580(unpub’d)(Thibodeaux, C.J., dissenting), defendant is entitled to the enforcement of his plea agreement. Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971); State v. Hayes, 423 So.2d 1111, 1112-15 (La.1982). The ruling of the court below is therefore reversed, the sentences imposed vacated, and the matter remanded for resentencing in accord with the plea agreement.
TRAYLOR and KNOLL, JJ., would deny the writ.