MOLAISON, J.
Defendant appeals his sentence for aggravated flight from an officer that follows a guilty plea pursuant to a plea agreement with the State. For the reasons that follow, we affirm defendant's convictions, affirm defendant's sentences on Counts 1-6, vacate defendant's sentence on Count 7, and remand for further proceedings.
PROCEDURAL HISTORY
Defendant, Frankie Hookfin, was charged by the Jefferson Parish District Attorney's Office on June 21, 2013 with five counts of attempted second degree *576 murder,[1] in violation of La. R.S. 14:27:30.1, one count of aggravated criminal damage to property, in violation of La. R.S. 14:55,[2] and, in Count 7, with aggravated flight from an officer in violation of La. R.S. 14:108.1. Defendant pled not guilty at his arraignment on June 25, 2013. Thereafter, on January 19, 2016, defendant pled guilty as charged to all counts. On April 25, 2016, defendant was sentenced as follows: 35 years at hard labor on Counts 1-5, 15 years at hard labor on Count 6, and 10 years on Count 7. All sentences were ordered to run concurrently and "coterminously with Federal case 14-168." After seeking post-conviction relief, defendant was ultimately granted an out-of-time appeal on April 13, 2018, and the instant appeal followed.
FACTS
Because defendant's convictions were the result of guilty pleas, the facts of the underlying offenses were not fully developed at trial. At the time of defendant's guilty pleas, the State provided a factual basis that it asked defendant to verify. In summary, the charges stemmed from a series of events that took place on April 23, 2013. On that date, defendant, with three other men, traveled to the Lapalco Apartments in Jefferson Parish with multiple firearms for the purpose of making a violent attack upon Vincent Jones because of an altercation at a nightclub. Defendant admitted that he was armed with an automatic rifle for that purpose. Upon arriving at Vincent Jones' apartment, an attack was perpetrated, during which time an assault rifle and handgun were fired. Five people were shot during the attack, and physical damage to property was caused by the shots fired. After the attack, defendant was in a car that police unsuccessfully attempted to pull over. Defendant admitted that, during the car chase, his vehicle reached speeds more than 30 miles per hour over the speed limit, he disregarded traffic signals as he eluded police, and the car chase "was done under circumstances where it was possible that human life could have been in danger."
LAW AND ANALYSIS
On appeal, defendant argues that his 10-year sentence for aggravated flight from an officer is illegal, as it exceeds the maximum penalty provided in La. R.S. 14:108.1, and it also violates his plea agreement with the State.
The State agrees that defendant is correct in his assertions, and the sentence on Count 7 is both in violation of the plea agreement and illegally excessive. The State urges that the sentence on Count 7 be vacated and remanded to the district court.
La. R.S. 14:108.1 provides, in relevant part:
E. (1) Whoever commits aggravated flight from an officer shall be imprisoned at hard labor for not more than five years and may be fined not more than two thousand dollars.
(2)(a) Whoever commits the crime of aggravated flight from an officer that results in serious bodily injury shall be imprisoned at hard labor for not more than ten years and may be fined not more than two thousand dollars. [Emphasis added.]
In the instant case, the record shows that the trial judge, during the plea colloquy with defendant on January 19, 2016, indicated that defendant's sentence for aggravated flight from an officer would be two years.
*577 THE COURT:
And with regard to your plea of guilty to the crime of aggravated flight, the Court would sentence you to serve two years at hard labor in the custody of the Department of Corrections of the State of Louisiana. The Court would run that sentence concurrently and coterminously with your sentences in Federal Case Number 14-168 of the Eastern District of Louisiana. The Court would give you credit for time served pursuant to Code of Criminal Procedure Article 880...
However, on April 25, 2016, the date of sentencing, the trial court ordered:
THE COURT:
With regard to your plea of guilty to the crime of aggravated flight, a violation of Louisiana Revised Statute 14:108.1, the Court does hereby sentence you to serve 10 years at hard labor in the custody of the Department of Corrections of the State of Louisiana.
As noted by the State, while La. R.S. 14:108.1(E)(2)(a) does provide for a 10-year sentence when the flight results in a serious bodily injury, the facts of this case do not support such a sentence.
In State v. Lemelle , 06-2975 (La. 9/14/07), 964 So.2d 316, the Louisiana Supreme Court held that the sentences imposed by the trial court, which did not comply with the plea agreement, should be vacated and remanded for resentencing. As indicated above, in the instant case, a fair reading of the Boykin[3] colloquy reveals that an agreement was reached in which defendant's sentence for aggravated flight from an officer would be two years. Accordingly, we vacate the sentence imposed for Count 7, and remand to the trial court for resentencing in compliance with the plea agreement.[4]
ERRORS PATENT REVIEW
As is our routine practice, we have reviewed the record for errors patent, according to La. C.Cr.P. art. 920 ; State v. Oliveaux , 312 So.2d 337 (La. 1975) ; State v. Weiland , 556 So.2d 175 (La. App. 5 Cir. 1990). The following matter was discovered.
A review of the record reveals that the trial court failed to include that the sentences for violation of La. R.S. 14:27:30.1, five counts of attempted second-degree murder, were without benefits. The law mandates that the sentence be served without benefit of parole, probation or suspension of sentence. La. R.S. 15:301.1(A) provides that in instances where the statutory restrictions are not recited at sentencing, they are included in the sentence given, regardless of whether or not they are imposed by the sentencing court.
Furthermore in State v. Williams , 00-1725 (La. 11/28/01), 800 So.2d 790, the Louisiana Supreme Court ruled that paragraph A of the statute self-activates the correction and eliminates the need to remand for a ministerial correction of an illegally lenient sentence, which may result from the failure of the sentencing court to impose punishment in conformity with that provided in the statute. Hence, this Court need take no action to correct the trial court's failure to specify that the defendant's *578 sentences be served without benefit of parole, probation or suspension of sentence. The correction is statutorily effected. State v. Phillips , 03-0304 (La. App. 4 Cir. 7/23/03), 853 So.2d 675.
DECREE
Defendant's convictions on Counts 1-7 and defendant's sentences on Counts 1-6 are affirmed. Defendant's sentence imposed for the offense of aggravated flight from an officer (Count 7) is vacated, and we remand the matter to the trial court for resentencing on Count 7 in accordance with the plea agreement.
CONVICTIONS AFFIRMED; SENTENCES ON COUNTS 1-6 AFFIRMED; SENTENCE ON COUNT 7 VACATED; REMANDED.

These offenses were listed as Counts 1-5 in the bill of information.

This offense constituted Count 6 in the bill of information.

Boykin v. Alabama , 395 U.S. 238, 89 S.Ct.1709, 23 L.Ed.2d 274 (1969).

When a plea bargain is breached, albeit inadvertently, by imposition of a sentence greater than that agreed upon, the defendant is entitled to specific performance of the plea bargain by resentencing in accordance with the agreement perfected, or withdrawal of the guilty plea, whichever due process requires under the facts of the case. State v. Louis , 446 So.2d 822, 824 (La. App. 2 Cir. 1984) ; State v. Ebright , 04-972 (La. App. 5 Cir. 1/11/05), 894 So.2d 359, 361.