STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBER 2019 KW 0615

STATE OF LOUISIANA

VERSUS

BRANDON HOUSTON

**Judgment Rendered:** NOV 1 5 2019

\* \* \* \* \* \*

Appealed from the
Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Docket Number 04-06-0376
Honorable Trudy White, Judge Presiding

\* \* \* \* \* \*

Hillar C. Moore, III
District Attorney
Allison M. Rutzen
Assistant District Attorney
Baton Rouge, Louisiana

Counsel for Appellee
State of Louisiana

Gail Horne Ray
Baton Rouge, Louisiana

Counsel for Defendant/Appellant
Brandon Houston

\* \* \* \* \* \*

BEFORE: WHIPPLE, C.J., GUIDRY, AND CRAIN, JJ.

Crain, J. dissents for reasons assigned.

**GUIDRY, J.**

Defendant, Brandon Houston, was charged by grand jury indictment with second degree murder, a violation of La. R.S. 14:30.1. He pled not guilty or not guilty by reason of insanity. The court ordered the Defendant transported to a state forensic facility for evaluation, and nearly three years later found the Defendant competent to stand trial. After being advised of his rights, defendant then pled guilty to the lesser-included offense of manslaughter, a violation of La. R.S. 14:31. The trial court imposed an agreed-to term of 40 years imprisonment at hard labor, to be served without the benefit of probation, parole, or suspension of sentence. Seven years later, defendant filed a motion to correct an illegal sentence, arguing that the sentencing provision for manslaughter did not provide for a restriction on parole, probation and suspension of sentence. The trial court granted the motion, and amended the sentence to a term of 40 years imprisonment at hard labor to be served without benefit of probation or suspension of sentence, but did not prohibit parole eligibility. Defendant now appeals.

A nondiscretionary and ministerial correction of a sentence under La. C.Cr.P. art. 882 to delete an illegal provision is not a resentencing and is not accompanied by the right to appeal or the reinstatement of the two-year delay for seeking post-conviction relief from finality of conviction after the correction. See State v. Brumfield, 13-2390, p. 3 (La. 11/14/14), 152 So. 3d 870, 871 (per curiam); State v. Range, 08-0301, p. 5 (La. App. 1st Cir. 9/19/08), 2008 WL 4287609, at *3, writ denied, 08-2648 (La. 5/22/09), 9 So. 3d 141 (citing State v. Littleton, 43,609 (La. App. 2d Cir. 5/7/08), 982 So. 2d 978, 980, writ denied, 08-1408 (La. 3/27/09), 5 So. 3d 135). Here, the reinstatement of defendant's parole eligibility for his manslaughter conviction is not considered a resentencing accompanied by the right to appeal. Accordingly, defendant has no right to his present appeal. By operation of La. C.Cr.P. art. 882(B)(2), as the case is not appealable, the sentence itself is now

2

only reviewable by application for writ of review. Accordingly, and since the defendant's request for appeal was filed within the time delay for filing an application for supervisory writ, we will convert this appeal to an application for supervisory writs. See La. C.Cr.P. art. 912.1C; State v. Aggison, 628 So. 2d 1115 (La. 1993) (per curiam); State v. Ervin, 17-1714, p. 4 (La. App. 1st Cir. 6/21/18), 2018 WL 3099128, at *2; State v. Benoit, 446 So. 2d 921, 923 (La. App. 1st Cir.), writ denied, 448 So. 2d 113 (La. 1984); see also Uniform Rules, Courts of Appeal, Rule 4-3.

## STATEMENT OF FACTS

Because defendant pled guilty, this matter did not proceed to trial. Thus, there is no trial testimony concerning the facts. The factual basis of defendant's guilty plea is that on or about February 6, 2006, defendant and the victim were residing in the same house. Defendant was asked to move out, and when he came back to retrieve personal belongings, he got into an argument with the victim. During the argument, defendant shot the victim four times, killing him.

## ASSIGNMENT OF ERROR: IMPROPER GUILTY PLEA

In his sole assignment of error, defendant contends that because the negotiated plea bargain included an illegal sentence, the trial court should have permitted defendant to withdraw his guilty plea,[1] rather than only grant defendant's motion to correct an illegal sentence and resentence him with the illegal provision removed. The State argues defendant did not properly raise the issue of guilty plea withdrawal in the trial court and consideration of his claim is not properly before this court. Additionally, the State argues defendant cannot challenge a sentence imposed in conformity with a negotiated plea agreement, citing La. C.Cr.P. art. 881.2(A)(2).

---

[1] No motion to withdraw the guilty plea was ever filed. After the trial court corrected defendant's sentence to delete the restriction on parole, defense counsel requested that the court "note our objection to the court's appreciation that the only thing you can do was resentence him with giving him the benefits."

3

Finally, the State contends its inability to enforce an illegal restriction on parole eligbility did not constitute a material breach of the original plea bargain.

Defendant never presented the trial court with a motion to withdraw his guilty plea. As such, the claim is not properly before this court. See generally, La. C.Cr.P. art. 841; State v. Thibodeaux, 16-0994, p. 2 (La. 10/27/17), 227 So. 3d 811, 812 (per curiam) (citing Segura v. Frank, 630 So. 2d 714, 725 (La. 1994), cert. denied sub nom., Allstate Ins. Co. v. Louisiana Ins. Guar. Ass'n, 511 U.S. 1142, 114 S.Ct. 2165, 128 L.Ed.2d 887 (1994)). Additionally, regarding the properly filed motion to correct an illegal sentence, La. C.Cr.P. art. 882 permits appellate review of a sentence after resentencing, but not of the underlying guilty plea leading to that sentence. Moreover, defendant's conviction became final in 2011 after his guilty plea was not appealed. Therefore, under La. C.Cr.P. art. 930.8, the time for applying for post-conviction relief expired in 2013, absent an exception. In this case, we liberally apply the "new facts" exception to defendant's case.[2] La. C.Cr.P. art. 930.8(A)(1).

In any case, the term of imprisonment on a conviction of manslaughter ranges between zero and forty years. See La. R.S. 14:31(B). As the victim in this case was over the age of ten, La. R.S. 14:31(B) does not provide any express restrictions on probation, parole, or suspension of sentence. Louisiana Code of Criminal Procedure article 881.5 provides that on motion of the State or defendant, or its own motion, at any time, the court may correct a sentence imposed by that court which exceeds the maximum sentence authorized by law. Only those claims relating to the legality of the sentence itself under the applicable sentencing statutes may be raised in a motion to correct an illegal sentence. State v. Gedric, 99-1213, p. 3 (La. App. 1st Cir.

---

[2] Although the Defendant's claims regarding his guilty plea were not presented in his motion to correct illegal sentence, the record shows the claim as to his guilty plea was considered by and ruled on by the trial court. As such, we construe the Defendant's motion to correct illegal sentence as an application for post-conviction relief. See State v. Leblanc, 06-0169 (La. 9/15/06), 937 So. 2d 844 (per curiam).

6/3/99), 741 So. 2d 849, 851-52 (per curiam), writ denied, 99-1830 (La. 11/5/99), 751 So. 2d 239.

In his motion to correct an illegal sentence, the relief defendant sought was limited to a correction of the sentence, not withdrawal of the underlying guilty plea. Defendant's original sentence was patently illegal in that it contained an erroneous prohibition on parole eligibility.[3] The trial court's modification rendered that sentence legal. Thus, the only question remaining is whether defendant's guilty plea was invalidated because the negotiated sentence was prohibited by law. Specifically, defendant argues he should be afforded an opportunity to withdraw his guilty plea because the sentence originally imposed was illegal.

As a general rule, when a guilty plea rests on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled. Santobello v. New York, 404 U.S. 257, 262, 92 S.Ct. 495, 499, 30 L.Ed.2d 427 (1971); State v. Redfearn, 441 So. 2d 200, 202 (La. 1983). Additionally, La. C.Cr.P. art. 559 provides that "the court may permit a plea of guilty to be withdrawn at any time before sentence." After sentencing, a guilty plea may be withdrawn only if it is shown that the plea is constitutionally infirm. See State v. O'Brien, 14-0899, p. 4 (La. App. 1st Cir. 12/23/14), 168 So. 3d 627, 631.

In State v. Lewis, 421 So. 2d 224, 225-26 (La. 1982), the Louisiana Supreme Court held that a trial court may permit the withdrawal of a guilty plea after sentencing if the court finds that the guilty plea was not entered voluntarily and intelligently, or there was an inadequate Boykin[4] colloquy advising defendant of the rights he was waiving by pleading guilty, making the guilty plea constitutionally

---

[3] The granting of probation or suspension of sentence is left to the discretion of the trial court. See La. C.Cr.P. art. 893(A). Hence, the trial court did not err in maintaining the disallowance of those benefits when it corrected the sentence imposed. See State v. Armstead, 17-1183 (La. App. 1st Cir. 11/16/17), 2017 WL 5499202; State v. D.F., 08-288, p. 4 (La. App. 3d Cir. 10/22/08), 995 So. 2d 1253, 1256.

[4] Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

infirm. There is no allegation in the instant case that defendant received a defective Boykin colloquy, and the January 2011 transcript reflects the trial court fully advised defendant of his constitutional rights as set forth in Boykin.

Nevertheless, a guilty plea is constitutionally infirm when a defendant is induced to enter a plea by a plea bargain, or by what defendant justifiably believes was a plea bargain, and that plea bargain is not kept. In that instance, defendant's plea is not considered to have been freely and knowingly given, and therefore is constitutionally infirm. State v. Dixon, 449 So. 2d 463, 464 (La. 1984); State v. Maza, 11-1430, p. 4 (La. App. 1st Cir. 3/23/12), 2012 WL 997038, at *2. As a general matter, a defendant can demand specific performance of the State's promise if he shows the parties reached an agreement, he carried out his part of the agreement, and in so doing, he relinquished valuable fundamental rights. See State v. Karey, 16-0377, p. 5 (La. 6/29/17), 232 So. 3d 1186, 1190; see also State v. Hookfin, 18-0591, pp. 3-4 (La. App. 5th Cir. 2/27/19), 266 So. 3d 574, 577 (when a plea bargain is breached, albeit inadvertently, the defendant is entitled to specific performance of the plea bargain by resentencing in accordance with the agreement perfected, or withdrawal of the guilty plea) (citing State v. Lemelle, 06-2975 (La. 9/14/07), 964 So. 2d 316, 317 (per curiam) (sentences imposed by trial court that do not comply with plea agreement should be vacated and the case remanded for resentencing); State v. Picchini, 508 So. 2d 149, 151-52 (La. App. 4th Cir. 1987) (where guilty plea was induced by a plea agreement that could not be satisfied, defendant had right to withdraw guilty plea); cf. La. C.C. art. 1948 (error vitiates consent); La. C.C. art. 1949 (revision comment (d)) (rescission appropriate in cases of mutual mistake).

There is no absolute right to withdraw a previously entered plea of guilty. The withdrawal of a guilty plea is within the discretion of the trial court and is subject to reversal only if that discretion is abused or arbitrarily exercised. State v. Cheatham, 16-1648, p. 4 (La. App. 1st Cir. 6/2/17), 222 So. 3d 757, 759.

Therefore, assuming arguendo that defendant properly preserved the issue in the trial court, and assuming further the claim is cognizable here, we cannot say defendant did not receive the full benefit of the bargain for which he negotiated. That the agreed-to sentence ended up "better" for him after correction of his sentence does not vitiate the voluntariness of his original 2011 guilty plea. See e.g., State v. Alexander, 95-1099, pp. 3-4 (La. App. 3d Cir. 12/26/96), 687 So. 2d 527, 528-29 ("illegally excessive sentence did not induce the defendant to accept a plea agreement that he would have otherwise refused, and the State's failure to fulfill its promise of excessive imprisonment is not a material breach of the agreement"). The sole case defendant cites in support of his contention that he should be permitted to withdraw his plea is State v. Guilbeaux, 99-591 (La. App. 5th Cir. 11/10/99), 749 So. 2d 16, which dealt with the more common occurrence of a defendant erroneously pleading guilty in exchange for an illegally lenient suspended[5] sentence. There, because defendant was actually subject to a harsher minimum term requiring incarceration on resentencing, he was properly allowed to withdraw his guilty plea. Guilbeaux, 99-591 at p. 7, 749 So. 2d at 19. This is not the case here. Defendant's claims are without merit.

For the foregoing reasons, defendant's appeal is converted to a writ, and the writ application is denied.

**WRIT DENIED.**

---

[5] In Guilbeaux, pursuant to the plea agreement, defendant's three-year sentence at hard labor was suspended and he was placed on three years active probation. However, as the related conviction was defendant's third felony offense, the version of La. C.Cr.P. art. 893(A) in effect at that time did not allow for the suspension of defendant's sentence. See Guilbeaux, 99-591 at pp. 2-6, 749 So. 2d at 17-19.

STATE OF LOUISIANA

VERSUS

BRANDON HOUSTON

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2019 KW 0615

CRAIN, J., dissents.

I would dismiss the appeal and would not convert it to an application for supervisory writ.